## GEORGE W. CLARK, JR.

### *v.*

## LEWIS DUTTON.

1. INTEREST—*liquidated account.* If a party receives notes, property and cash, for which he agrees to execute his promissory note in a given sum to the party letting him have the same, this will make the account or debt a liquidated one, and interest is recoverable upon the debt, under the statute.

2. DEBT—*when liquidated.* A debt is liquidated when it is certain what is due and how much is due. Although it may appear that something is due, if it does not also appear how much is due, the debt is not liquidated. An unliquidated debt is one which one of the parties can not alone render certain.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of assumpsit, by Lewis Dutton against George W. Clark, Jr., to recover the value of certain notes and other property alleged to have been sold by the plaintiff to the defendant, and for which the defendant was to give his note, as was alleged, for $5000, with security. The cause was tried by the court, without a jury, who found for the plaintiff, and allowed interest on the debt, and rendered judgment accordingly. To reverse this judgment the defendant appealed.

Messrs. GARDNER & SCHUYLER, for the appellant.

Mr. W. D. BARRY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion· of the Court:

The first and principal objection urged as a cause for the reversal of this judgment is, that the finding of the court below was contrary to the evidence.

Appellee's claim is, that appellant is indebted to him for $5000, in notes on Hass and Powell, appellee's check for $500, a pair of horses of the value of $175, and a horse, buggy, harness and lap-robe, of the value of $200, which appellee let appellant have, in the fall of 1871, shortly after the great fire in Chicago, to enable him to start in business. There appears to be no controversy but that appellant received this money and property from appellee, but the parties differ widely as to the terms upon which it was received, appellee claiming that appellant agreed to give him a note for it, secured by mortgage, and appellant, who was at that time the son-in-law of appellee, claiming that it was a gift to his wife, appellee's daughter, who is since deceased, with the privilege of a present use by appellant.

The parties, in giving testimony, directly contradict each other, and each is, to some extent, corroborated by the testimony of other witnesses. Without, however, going through the useless process of repeating the evidence at length, and giving the reasoning by which our conclusion thereon is formed, we deem it only necessary to say that we are entirely satisfied that the finding of the court below was correct. To our apprehension the evidence fairly preponderates in favor of the appellee.

It is claimed, however, that, even if this be conceded, still it was error for the court below to allow interest upon appellee's claim. From appellant's view of the case, most certainly interest should not be allowed, for his view excludes the allowance of the principal ; but from appellee's view of the case, which we are compelled to assume is the true one, there can be no question but that it was competent to allow interest.

Under our statute it is proper to allow interest upon a liquidated account.

If appellant received the money and the property at the prices claimed, and agreed to give a promissory note therefor, we are at a loss to perceive what remained to be done to liquidate the account. It can not be that it required the execution of the note to complete it, for the interest would then be computed upon the note and not upon a liquidated account, as is authorized by the statute. Bouvier says: "A debt is liquidated when it is certain what is due, and how much is due, *cum certum est an et quantum debeatur;* for, although it may appear that something is due, if it does not also appear how much is due, the debt is not liquidated. An unliquidated debt is one which one of the parties can not alone render certain." (Law Dictionary, vol. 2, 73, title, "Liquidated.")

There does not appear here to be any dispute as to the value or amount of what was received, even from appellant's version of the facts.

The evidence preponderates that the debt was liquidated, to the same extent that it preponderates that a debt existed at all.

The judgment of the court below is affirmed

*Judgment affirmed.*