**In re DAVIS MFG., Inc.**

No. 94–B–2.

United States District Court,
D. Kansas.

Jan. 23, 1951.

6. During the trial of that prior suit libellant was on leave from the United States Marine Hospital, Staten Island, N. Y.

Fred Hinkle, Wichita, Kan., for Berry Bros., Inc., E. F. Houghton & Co., and Tubular Service Corporation.

Paul R. Kitch, Wichita, Kan., and Elmer B. Hodges, Kansas City, Mo., for Ellfeldt Machinery & Supply Co.

George Siefkin, Wichita, Kan., and F. D. Schnacke, Dayton, Ohio, for The Skyline Corporation (Reorganized Debtor).

MELLOTT, Chief Judge.

Plan of Reorganization of the above Debtor Corporation was duly confirmed by order of this court on January 23, 1950 and thereafter modified by order entered on or about March 10, 1950. Since the last mentioned date the Amended Plan, as confirmed and modified, has been in full force and effect and substantially carried out.

On April 20, 1950, Berry Brothers, Inc., of Detroit, a Michigan corporation, filed a "Petition to Set Aside Confirmation of Plan of Reorganization and for Other Relief," asking, *inter alia*, that an order be made: (a) assigning a time and place for the hearing of its petition; (b) setting aside the order of confirmation of the plan and opening the cause for consideration of petitioner's claim; and (c) permitting it to establish its claim in the sum of Seven Thousand Three Hundred Seventy-two and 46/100 Dollars as a claim against the assets of the debtor as reorganized and to subject the assets to the payment of twenty-five percent of the indebtedness (as provided in the amended Plan of Reorganization in connection with duly established, proven and allowed claims).

The motion came on for hearing at Wichita on May 11, 1950, the petitioning creditor appearing by its attorney, Fred Hinkle, Esq., and by E. H. Penberthy, and the reorganized corporation, The Skyline Corporation, appearing by its attorneys, George Siefkin and F. D. Schnacke. The motion was taken under advisement upon the evidence adduced and the parties were granted leave to file briefs within designated times.

While the motion was pending, counsel for the reorganized company, The Skyline Corporation, filed a motion to strike from

the files the petition of Berry Brothers, Inc., above referred to, on the grounds:

(1) That it was filed without permission of court and without compliance with the requirements of Rule 24 of the Federal Rules;

(2) That even if the court has jurisdiction to hear and determine the petition, which it does not have, petitioner has not brought before the court all necessary parties required for an adjudication of the matter; and

(3) That the court is without jurisdiction to hear and determine the petition.

At the hearing before the court on May 11, 1950—transcript of the hearing has not been filed—the representatives of the claimant failed to establish any equities in its favor, the evidence clearly indicating it had actual, as well as constructive, notice of all proceedings in the court, including the plan of reorganization and its rights thereunder; so the question evolving is purely one of law. It will be referred to in more detail later.

Prior to the filing of the petition and the hearing thereon, as above related, the reorganized corporation had filed its report with the court, showing compliance with the plan and that it, *inter alia,* had issued its stock, as provided in the plan, had deposited in a special account $265,000 for the benefit of "general unsecured creditors of the debtor whose claims had been filed, proven and allowed (and who under the provisions of the Plan were entitled to receive cash)"— petitioner being a general unsecured creditor which had not filed, proven and had its claim allowed in the time and manner required by the court's order—and that checks in the aggregate amount stated had been mailed to such creditors. The "First Report of The Skyline Corporation," filed April 18, 1950, is incorporated herein by reference. "Final Decree and Order Discharging the Trustee of the Debtor and Closing the Estate"— also incorporated herein by reference—was entered April 24, 1950.

On July 10, 1950, a verified "Petition to (1) Modify Order Approving Petition and Appointing Trustee; (2) Vacate Order Confirming Amended Plan of Reorganization and Directing Its Consummation; and (3) Vacate Final Decree, Order Discharging Trustee of Debtor and Closing the Estate," was filed by Ellfeldt Machinery & Supply Company. It states Four Thousand Five Hundred Eighty-two and 41/100 Dollars was due to it at the time the proceedings for reorganization of the Debtor were instituted; that no part has been paid; that there are no set-offs or counterclaims to the debt; and that the claimant does not hold, and has not had or received any security for the debt. No order of court was sought, or entered, permitting the filing of the petition and no hearing has been had thereon.

The essence of the contention made by Ellfeldt may be gleaned from Paragraph 3 of its petition. It is: that the court's orders, depriving petitioner and other general creditors similarly situated of "benefits and provisions of the plan to which they were entitled," because they failed to comply with the orders of the court with reference to filing, proving and having the claims allowed, are "invalid [and should be] set aside."

On July 15, 1950, a petition similar to those filed by Ellfeldt Machinery and Supply Company and Berry Brothers, Inc., was filed by E. F. Houghton & Company, the amount of its claim being Seven Hundred Ninety-five and 37/100 Dollars. This petition states that the issues are "substantially the same as those presented by * * * Berry Brothers * * * [and that] petitioner * * * consents * * [it] be consolidated with the Petition of Berry Brothers Inc. and that the decision and judicial determination of the issues * * * be decisive and conclusive of the issues presented in this petition." This petitioner filed a "Motion for Leave to Intervene."

Copies of all documents above referred to having been served upon Whitney Drake, the Trustee heretofore appointed by the Court, he, although long prior thereto Final Decree had been entered discharging him and closing the estate, filed an application with the court that he be authorized

to employ and appoint an attorney "to represent him as Trustee in connection with" the petitions to which reference has been made.

On September 11, 1950, Tubular Service Corporation filed a petition similar to that filed by E. F. Houghton & Company, the amount of its claim being Two Thousand Four Hundred Eighty-seven and 34/100 ($2,487.34) Dollars. At the same time it filed a "Motion for Leave to Intervene," asking that it be permitted to "present to the court the issues represented in its petition." It likewise alleges that the issues are the same as those presented in the Berry Brothers petition and consents to disposition of them in the same language as set out above in the petition of E. F. Houghton & Company.

The reorganized debtor, The Skyline Corporation, has also filed a "Motion to Strike From Files the Intervening Petition of Ellfeldt Machinery and Supply Co." Briefs have now been filed by counsel representing all the parties, except the former trustee. His motion for authority to employ counsel has not heretofore been passed upon; but the court is of the opinion it need not be granted.

█ The court, of course, takes notice of the various orders made by it during the course of, and preceding, the reorganization of the corporate debtor and it would serve no useful purpose to summarize them. The court and its attaches, including the Referee in Bankruptcy, counsel for the petitioning creditors, the trustee appointed by the court and his counsel, strove diligently to comply with the letter and the spirit of all applicable statutes. The issue before the court is primarily whether it erred in failing to protect creditors who manifested no interest in the proceeding pending before it, but chose rather to ignore the various orders made for their protection. It is pointed up by quoting briefly from the statements made by counsel presently representing the petitioning creditors.

On behalf of Ellfeldt it is said: "On June 25, 1949, this court approved the pe-

tition for reorganization proceedings, appointed a trustee herein, and ordered that all creditors' claims should be filed on or before September 1, 1949, and unless so filed no such claimant could participate in any plan of reorganization or in the assets of the debtor. Although no proof of Ellfeldt's claim was filed with the court, the claim was nevertheless scheduled as a liability in these proceedings as a fixed claim, liquidated in amount and undisputed. On January 23, 1950, an amended plan of reorganization was confirmed and its consummation directed. In such amended plan, no provision was made for Ellfeldt's claim." (Its petition, as shown above, was filed July 10, 1950).

On behalf of Berry Brothers it is said: "We [counsel] did state in our petition that the Petitioner did not know of the proceedings in this cause and did not have notice and by reason of such misfortune did not file its claim. We now believe from the evidence [and, as indicated above, so does the court] that the Petitioner had in its file information sufficient to have informed it that important proceedings were being had in this cause and we make no effort to excuse the Petitioner or absolve it from doing in its own behalf any act it was commanded by the Acts of Congress to do in order to save its rights."

Since the other creditors rest their right to recover on the same basis, the court assumes they are in the same situation.

The petitioners place their sole reliance upon subparagraph (4) (b) of Title 11 U.S.C.A. § 624, which reads as follows:

"§ 624. Effect of confirmation

"Upon confirmation of a plan—

"(1) the plan and its provisions shall be binding upon the debtor, upon every other corporation issuing securities or acquiring property under the plan, and upon all creditors and stockholders, whether or not such creditors and stockholders are affected by the plan or have accepted it or have filed proofs of their claims or interests and whether or not their claims or interests have been scheduled or allowed or are allowable;

"(2) the debtor and every other corporation organized or to be organized for the purpose of carrying out the plan shall comply with the provisions of the plan and with all orders of the court relative thereto and shall take all action necessary to carry out the plan, including, in the case of a public-utility corporation, the procuring of authorization, approval, or consent of each commission having regulatory jurisdiction over the debtor or such other corporation;

"(3) if the judge shall so direct, there shall be deposited and distributed, in such manner as the judge may direct, the moneys for all payments which by the provisions of the plan or under this chapter are required to be made in cash; and

"(4) distribution shall be made, in accordance with the provisions of the plan, to creditors and stockholders (a) proofs of whose claims or stock have been filed prior to the date fixed by the judge and are allowed, or (b) if not so filed, whose claims or stock have been listed by the trustee or scheduled by the debtor in possession as fixed claims or stock, liquidated in amount and not disputed. July 1, 1898, c. 541, § 224, as added June 22, 1938, c. 575, § 1, 52 Stat. 898."

It is argued by the petitioners that, since the trustee in his preliminary reports had listed the claims, this court had no right to require that they be filed, approved and allowed as a condition precedent to participation in the Plan of Reorganization. No case has been cited or found in which such a holding has been made and it is suggested that the matter may be "of first impression." This court, as provided in § 596, Title 11 U.S.C.A., after approval of the petition, prescribed, in an order duly entered, "the manner in which and fix[ed] a time within which the proofs of claim of creditors" could be filed. Due notice was given, both by publication and by mail, to several hundred creditors, having claims in excess of a million dollars. The full-time Referee in Bankruptcy, for this District, duly designated by the court for that purpose, heard "Objections by * * * party in interest to the allowance of" a

great many claims and appropriate orders with reference thereto were made. The court is of the studied opinion it should not have done less.

But is the action taken by the court nugatory? At first blush it may seem so. However, careful examination of the file fails to disclose that, at any juncture, was there a listing "by the trustee * * * [of] fixed claims * * *, liquidated in amount and not disputed." The court order had directed the trustee to prepare and file a list of creditors of each class showing the amount and character of their claims and securities. It had provided that proof of claim be filed in duplicate with the clerk of the court, and that proof thereof be in the form prescribed in subsection a of § 57 of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. a. Pursuant to that order, the trustee filed a list of creditors of each class, showing the amount and character of the claims and securities, and so far as known, the name and post office address or place of business of each creditor. Under the sub-heading "unsecured creditors" he listed more than 200 claims. None was characterized as a fixed claim liquidated in amount and not disputed.

Claims were filed by, or on behalf of, most of the unsecured creditors so listed [without counting them, the court would estimate by at least 95% of the creditors] and objections were filed by the trustee to many of them. A few typical rulings upon claims is indicated in the following schedule:

| Claim No. | Amount Claimed | Amount Allowed | Amount Disallowed |
|---|---|---|---|
| 17 | $ 2,175.12 | $ 2,030.11 | $ 145.01 |
| 30 | 5,623.18 | 4,795.82 | 827.36 |
| 70 | 210.04 | 183.78 | 26.26 |
| 98 | 441.83 | 388.28 | 53.55 |
| 121 | 223.29 | 208.40 | 14.89 |
| 129 | 4,946.26 | 4,616.51 | 329.75 |

In addition to numerous hearings upon the allowance of claims of unsecured creditors, the court, through its referee, passed upon several claims alleged to be preferred or secured, in some instances allowing the

claims as secured or preferred, and in other instances allowing them only as common claims.

Unsecured creditors' claims aggregating $1,062,994.42 were allowed as common claims. Holders of such, aggregating $952,-623.93, elected to accept cash of $238,031.17 as provided by the plan. A list of the stock and stockholders, as contemplated by subsection 4(b) of § 624, supra, was duly filed; but at no time did the trustee file any list purporting to show "fixed claims * * *, liquidated in amount and not disputed."

The expression "liquidated in amount" or "liquidated," as impliedly construed by the court in this proceeding, connotes settled; adjusted; determined; fixed; made certain; ascertained; agreed upon by the parties; fixed by operation of law. As stated in 54 C.J.S., Liquidate, p. 564:

"The word [liquidated] has been defined to mean adjusted; adjusted, certain, settled with respect to amount; settled; ascertained; determined; fixed; reduced to certainty; * * *. The term signifies that which is made certain and manifest; made certain as to what and how much is due; and it means that the amount has been ascertained and agreed on by the parties, or fixed by operation of the law."

Doubt, if any, as to the correctness of the court's interpretation of the clause in issue, would seem to be dispelled when it is borne in mind that the claims referred to in (4) (b) of the statute must also be "not disputed."

While it is probably unnecessary to belabor the point further, it may be pointed out the view apparently espoused by petitioners, that they may sit supinely by, do nothing during the extended pendency of the reorganization proceeding and rely solely upon an initial "listing" of their claim by a trustee who has no knowledge of the correctness of it, is unsound for other reasons. It ignores the necessarily broad jurisdiction, powers and responsibility of the court, Sections 511, 512 et seq. and 515, Title 11 U.S.C.A.; its duty to appoint a "disinterested" trustee, Section 556 et seq. supra, and to supervise his activities; and it would make meaningless Section 596 and

the action taken under it. A preliminary listing of claims under Section 564 would be given a significance never intended by the Congress if the list so furnished at that time be construed to be a sufficient listing under subparagraph (4) (b) of Section 624 and would read out of the plan all provisions dealing with unsecured and unproven claims. Moreover, it would make the entire proceeding in reorganization much more inefficient and subject the interested parties to an additional hazard if, peradventure, an unscrupulous or dishonest trustee should be appointed. The sounder view, in this court's studied judgment, is to limit the clause in issue here precisely as was done in the instant proceeding. In that view, the several petitions should be denied.

So far the court has refrained from discussing the several procedural matters urged upon it in the briefs. Counsel for one group of petitioners have submitted a form of notice to creditors which, it is suggested, is better than the one used in this proceeding in that it points out to them that they may not participate in the plan of reorganization "unless such claims are listed by the trustees as fixed claims, liquidated in amount and not disputed." The notice in the instant proceeding, drawn strictly in accordance with Section 596 and the court's order, directed that all claims of creditors be filed, in the time and manner prescribed in the notice "and unless so filed no such claimant may participate in any plan of reorganization or the assets of the debtor." No claims were filed by any of the present petitioners nor have their claims been listed as "liquidated in amount and not disputed." The court grants that the order submitted for comparison complies with the letter and spirit of the law; but it believes that the one signed by it does also.

The court cannot accept the postulate apparently adopted by counsel for the other petitioner that the proponents of the plan perpetrated a fraud upon the court in having it approve a plan "which sacrifices the interests of those not in court." Therefore the authorities cited, establishing the right of a court to set aside its decrees,

judgments and orders obtained by fraud, need not be discussed.

 At the risk of needlessly extending this discussion, the court will refer briefly to some of the points raised upon brief by the reorganized corporation. It is contended the petitioners had due notice of the pending reorganization proceeding —which, incidentally, the court believes to be true; —but that, even if they did not have such notice, the consummated plan of reorganization is binding upon them. This view is supported by Mohonk Realty Corporation v. Wise Shoe Stores, 2 Cir., 111 F.2d 287, certiorari denied 311 U.S. 654, 61 S.Ct. 47, 85 L.Ed. 418. Subparagraph (1), Sec. 624, supra. Next, it is argued that the court has the right to bar tardy claims; and the failure to raise questions, such as those now raised by the petitioners, until after the order of confirmation has become final and the plan has been consummated bars them under *res adjudicata*. Cf. Willis v. Consolidated Textile Co., 2 Cir., 178 F.2d 924, certiorari denied 339 U.S. 957, 70 S.Ct. 981, Prudence Corporation v. Ferris, 323 U.S. 650, 65 S.Ct. 539, 89 L.Ed. 528; Moffett v. Robbins, 10 Cir., 81 F.2d 431. Finally, it is urged "the fact that the estate is now closed is one more bar to" the petitioners' rights to be heard, cf. Towers Hotel Corp. v. Lafayette National Bank, 2 Cir., 148 F.2d 145; but in any event, the procedural steps taken by petitioners are defective in that notice was not given to all necessary parties—including those who financed the reorganization through the purchase of debentures of the reorganized company—as required by Rule 24(c) of the Rules of Civil Procedure, 28 U.S.C.A. Cf. Standard Steel Works v. American Pipe & Steel Corporation, 9 Cir., 111 F.2d 1000.

The cases cited in the preceding paragraph seem to be apposite; and, if the court is in error in placing its conclusion squarely upon the ground mentioned in the earlier part of its discussion, then its declination to grant the relief sought by the several petitions is placed upon the several grounds set out above.

Appropriate orders will be prepared by counsel for the prevailing party. Settle in accordance with the Rules of Civil Procedure and the Rules of Practice in this court.