reference to acreage. Thorp v. Smith, 3 Cir. 1965, 344 F.2d 452, 5 V.I. 209.

I conclude that the plaintiff and her husband received the full amount of land which they purchased and that she is not entitled to recover any of the purchase price on account of the alleged deficiency in the acreage as erroneously shown on the Valls survey and recited in the deed.

The complaint will accordingly be dismissed.

**In the Matter of LA CROSSE TRAILER CORPORATION, Debtor.**

**No. 66–BK–75.**

United States District Court
W. D. Wisconsin.

Feb. 20, 1968.

John E. Flynn, La Crosse, Wis., for Erickson Hardwoods.

Joseph W. Grady, Chicago, Ill., for Creditors' Committee.

John A. Wittig, Milwaukee, Wis., for trustee.

Maurice Pasch, Madison, Wis., for La Crosse Trailer.

JAMES E. DOYLE, District Judge.

The trustee herein was appointed May 12, 1966, by an order which directed him to file within 20 days a list of creditors and stockholders. The trustee filed such a list on June 1, 1966; said list did not characterize the claim of any of the creditors as contingent or not contingent, unliquidated or liquidated, disputed or undisputed. Prior to filing said list, the trustee had no knowledge of the correctness of the listings, other than as they appeared on the face of the books and records of the debtor, and he had made no inquiry prior to filing said list whether the claims listed thereon were valid or invalid. The said list filed by the trustee showed Erickson Hardwoods, Inc. (Erickson) as a creditor with an unsecured claim for $3,183.68.

On July 7, 1966, an order was entered herein pursuant to Section 196 of the Bankruptcy Act, fixing September 1, 1966, as the time within which proofs of claims of creditors might be filed. Notice of the deadline was mailed by the trustee to Erickson. Erickson failed and neglected to file its claim until December 1, 1966, when it filed a claim in the sum of $3,183.68. The trustee filed his objection to the Erickson claim on the ground that it was not filed within the prescribed time, and on the ground that it had been paid. Numerous objections to timely filed claims by other creditors were made by the trustee, and a number of them were disallowed or allowed in reduced amounts.

On February 8, 1967, Erickson filed a petition to extend the time for filing claims, and, in the alternative, a petition for distribution to it on its $3,183.68 claim pursuant to Section 224(4) of the

Act, despite its failure to file within the time prescribed. Following a hearing, the petition to extend the time for filing claims was denied. The petition for distribution pursuant to Section 224(4) raises the issue presently before the court.

For some years prior to 1952, Section 224(4) provided:

"distribution shall be made, in accordance with the provisions of the plan, to creditors and stockholders (a) proofs of whose claims or stock have been filed prior to the date fixed by the judge and are allowed, or (b) if not so filed, whose claims or stock have been listed by the trustee or scheduled by the debtor in possession as fixed claims or stock, liquidated in amount and not disputed."

In In Re Davis Mfg., Inc., 95 F.Supp. 200 (D.Kan., 1951), a Chapter X trustee had filed a list of creditors without designating whether or not their claims were fixed, liquidated, or not disputed. A deadline for filing claims was established by the court. Eventually a plan of reorganization was approved and carried out by the debtor corporation, and a final decree was entered discharging the trustee and closing the estate. Thereafter three petitioners sought to have the order confirming the plan vacated, and other relief. They alleged that their claims had been listed by the trustee; they acknowledged that they had not filed their claims within the time allowed; they alleged that their claims were in fact fixed, liquidated in amount, and not disputed; and they asserted that they were entitled by Section 224(4) to share in the distribution. The court denied their petitions. It held that a creditor which had failed to file a timely claim and have it allowed could share in the distribution only if its claim had been listed and characterized by the trustee as fixed, liquidated in amount, and not contingent. Since the trustee had refrained from such a characterization, whatever the fact might be, the creditor could not share in the distribution.

In 1952 c. 579, Public Law 456, 82d Cong., 2d Sess., Section 224(4) was amended to its present form. In the quotation which follows, the stricken language appears in brackets and the added language is *underlined*:

"distribution shall be made, in accordance with the provisions of the plan, to creditors and stockholders (a) proofs of whose claims or stock have been filed prior to the date fixed by the judge and are allowed, or (b) if not so filed, whose claims or stock have been listed by the trustee or scheduled by the debtor in possession [as fixed claims or stock, liquidated in amount and not] *and are not contingent, unliquidated or* disputed."

Petitioner Erickson contends that the force of In Re Davis Mfg., Inc. as precedent has been destroyed by the 1952 amendment. The trustee herein and counsel for the creditors insist that the 1952 amendment was directed solely to the clarification of the terms "fixed", "liquidated in amount", and "not disputed", and that it was not intended to permit a non-filing creditor to share in the distribution unless its claim had not only been listed by the trustee but characterized by the trustee as "not contingent, unliquidated, or disputed."

A thorough search of the Congressional history of the 1952 amendment to Section 224(4) during the 82d Congress has failed to produce evidence of the Congressional intent with respect to the point here at issue. An explicit answer to the question is to be found in the proceedings of the 81st Congress.

In 1949 a bill was introduced (H.R. 3111) to revise the Bankruptcy Act in several respects. It reflected recommendations of the National Bankruptcy Conference. H.Rept. 424, 81st Cong., 1st Sess. As it passed the House June 6, 1949, it amended Section 224(4) (b) only by striking the word "fixed" and substituting the words "not contingent".

The Senate Judiciary Committee mittee file contains a memorandum dated June 13, 1949, from C. A. Horsky, Chairman of the Drafting Committee of the

National Bankruptcy Conference, stating that the Conference had met in New York June 11–12 to consider changes in H.R. 3111 which it would recommend to the Senate Judiciary Committee. He stated: "A copy of H.R. 3111 with the changes approved by the National Bankruptcy Conference Drafting Committee is attached. A memorandum describing the reasons for the several changes will be forwarded to the Committee as soon as it can be prepared." The attached copy of H.R. 3111 shows that the words "as not contingent claims or stock, liquidated in amount and not" have been stricken from Section 224(4) (b), and the words "and are not contingent, unliquidated or" have been substituted.

The Senate Judiciary Committee file also contains the memorandum promised by Mr. Horsky "describing the reasons for the several changes". The memorandum is dated June 14, 1949, and bears Mr. Horsky's initials. Paragraph 7 of the memorandum (p. 4) reads as follows:

> "The changes in paragraph (4) of section 224 of the Act (Section 27 of the bill), in paragraph (5) of section 367 of the Act (Section 38 of the bill), and in paragraph (3) of section 473 of the Act (Section 45 of the bill) are each designed to cure a similar ambiguity. Literally the existing language seems to contemplate that the trustee or debtor would actually schedule claims as 'not contingent claims'. In practice, of course, no such type of schedule is prepared. Consequently the substituted language is designed to clarify the intention of the bill."

H.R. 3111 was never adopted in the 81st Congress. But when S. 2234 was introduced in the 82d Congress and enacted on July 7, 1952, as chapter 579, Public Law 456, its language amending Section 224(4) (b) was identical to that contained in Mr. Horsky's draft of June 13, 1949, and identical to the statute's present form.

There can be no question. Congress intended to permit a creditor such as Erickson to share in the distribution, despite its failure to file its claim, if its claim has been listed by the trustee and is, in fact, not contingent, unliquidated or disputed.

It does not appear that the trustee or the creditors' committee presently contends that the Erickson claim for $3,-183.68 is contingent or unliquidated or disputed. However, I note that the trustee's formal objection was not only that the claim was filed tardily, but that it had been paid.

For the reasons stated above, and on the basis of the entire record herein, it is hereby ordered that, as of March 1, 1968, the Erickson claim in the sum of $3,183.68 is approved and allowed, unless prior to said date, the trustee herein files an amended objection together with supporting proofs that the said claim has heretofore been paid in whole or in part. Upon the filing of such objection this order shall be automatically vacated until such time as said amended objection may be heard and determined as provided for in Section 225 of the Act.