**In re Bruce E. RIGDON & Dorothy K. Rigdon, d/b/a Rigdon's Mobile Home Acres, Debtors.**

**Bankruptcy No. 88–02385–W–13.**

United States Bankruptcy Court, W.D. Missouri.

Dec. 22, 1988.

Timothy C. Pittman, Kansas City, Mo., for debtors.

Joseph M. Chiarelli, Hoskins, King, McGannon & Hahn, Kansas City, Mo., for Rigdon Family Creditors.

Rick Fink, Kansas City, Mo., Chapter 13 trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

### FACTS

Bruce and Dorothy Rigdon, husband and wife, filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 25, 1988. On their schedules, debtors listed priority unsecured debts as "undetermined", and their general unsecured debts were listed as $89,478.61, but add up to $89,278.61. Debtors' plan, filed on June 8, 1988, estimates the IRS debt at $6,000.00; the State of Missouri debt at $1,000.00; and states that $3,000.00 is owed to Johnson County, Missouri. Accordingly, as of the date of the plan, the debtors listed approximately $99,278.61 in priority and general unsecured debt.

Subsequently, three of the disputed claimants, scheduled at $32,000.00, filed general unsecured claims totalling $71,152.45, and the debtors did not and are not going to object to these claims. (William Rigdon, Jr.—scheduled at $17,000.00—filed Proof of Claim for $36,072.07; Barbara Rigdon–Mardis—scheduled at $7,700.00—filed Proof of Claim for $18,384.87; and Betty Rigdon–Wilson—scheduled at $7,500.00—filed Proof of Claim for $16,685.31 (hereafter referred to as the Rigdon Family Creditors). These claims arise as the result of a dispute between debtor-husband and his half-brother and half-sisters, over the settlement of their parents' testamentary estate.

The parents, Morris and Christine Rigdon, died in 1978, leaving an estate of approximately $250,000.00. Bruce Rigdon was designated as the personal representative of the estate. The estate was closed in 1980 with a final accounting to which no objection was filed and each of the children signed receipts acknowledging receipt of all property due them from the final distribution. Subsequent to the closing of the estate, the Rigdon Family Creditors challenged the settlement of the estate and they filed a lawsuit against Bruce Rigdon in 1983. The accounting was never completed, and the lawsuit was dismissed in

1988 for lack of prosecution. The issue to be determined in this case is the eligibility of the debtors to file under Chapter 13 of the Bankruptcy Code in light of the debt limit requirements.

## LAW

### Eligibility Requirements

Section 109(e) sets out the requirements for eligibility under Chapter 13. Section 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, secured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse ... that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,-000 may be a debtor under Chapter 13 of this title.

### Determining Claims

■ A debtors' schedule of liabilities filed pursuant to § 521(1) of the Bankruptcy Code are prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. Bankruptcy Rule 3003(b)(1). Any creditor whose claim is scheduled as disputed, contingent, or unliquidated should file a proof of claim, or they will lose their right to distribution. Bankruptcy Rule 3003(c)(2). If a creditor does file a Proof of Claim, it will supersede any scheduling of that claim by the debtor. Bankruptcy Rule 3003(c)(4).

Pursuant to § 502(a) of Title 11:

> A claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest ... objects.

A proof of claim executed and filed in accordance with the Bankruptcy Rules is prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f).

### Liquidated, Disputed or Contingent

The Codes does not define these terms. However, according to case law "[g]enerally, whether a claim is contingent deals with the certainty of the liability. Whether a claim is liquidated involves whether the amount due can be determined with sufficient precision".[1]

Liquidated connotes "settled; adjusted; determined, fixed; made certain; ascertained; agreed upon by the parties; fixed by operation of law".[2] In *King*, the court recognized that a debt is not liquidated if there is a substantial dispute regarding liability or amount. "[I]f there is no dispute as to liability but only as to amount, then a claim should be treated as liquidated at least to the extent of the amount admitted by the obligor". *King*, at 378–79.

### Time of Determining Eligibility

■ In making the aggregate debt determination to see if a debtor qualifies for Chapter 13 relief, a court should rely primarily on the debtor's schedules at the time they were filed as long as they are filed in good faith.[3] In general post-petition events should not be considered because they often occur "after the debtor and other parties in interest have expended relatively large amounts of time, money and effort toward the debtor's reorganization".[4] However, sometimes the court must look beyond the schedules when a question exists as to eligibility.[5] "It is also apparent that the court must determine the liquidated amount of any disputed claim prior to making the computation required by § 109(e). Otherwise, the federal court

**1.** *In re King*, 9 B.R. 376, 378 (Bkrtcy.Or.1981), quoting, *In re Bay Point Corp.*, 1 BCD 1635, 1639 (D.N.J.1975).

**2.** 54 C.J.S. Liquidate p. 564; *In re Davis Mfg., Inc.*, 95 F.Supp. 200 (D.Kan.1951).

**3.** *In re Pearson*, 773 F.2d 751 (6th Cir.1985).

**4.** *Pearson*, at 756, quoting, *In re Morton*, 43 B.R. 215 (Bkrtcy.E.D.N.Y.1984).

**5.** *In re Sylvester*, 19 B.R. 671 (9th Cir. BAP 1982).

jurisdiction would depend on the accuracy and good faith of both creditors and debtors".[6]

*Good Faith*

The Court must determine if the schedules were made in good faith.[7]

"... the bankruptcy court must look at factors such as whether the debtor has stated his debts ... accurately; whether he has made any ... misrepresentations to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code"/ (citations omitted). [8]

Although good faith is usually referring to the good faith filing of a plan, there is also an implied good faith filing of a petition requirement.[9] "In finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions". (citations omitted) [10]

## DISCUSSION

*Liquidated, Disputed or Contingent*

Debtors argue that according to *In re King,* 9 B.R. 376 (Bkrtcy.Or.1981), a Chapter 13 case should not be converted or dismissed when a debtor does not object to a proof of claim filed in compromise of a disputed general unsecured claim even when the amount listed in the proof of claim if added to the aggregate debts scheduled at the time the debtor filed the petition exceed the aggregate debt limit imposed under § 109(e) of the Bankruptcy Code. There is no question that the Rigdon Family Creditors' claims are noncontingent, the issue is whether such claims are liquidated.

■ Debtors argue they have a substantial and bona fide dispute with respect to liability, if any, and the amount of liability owed to the Rigdon Family Creditors, and therefore, their claims are unliquidated and debtors are eligible for Chapter 13 relief. If this is the case, their proper action would be to object to the Rigdon Family Creditors' claims or reserve the right to contest the validity and amount of creditors' claims.[11] A claim that is not objected to presents prima facie evidence of the claim and the amount of the claim. Bankruptcy Rules 3003(c)(4); 3001(f). If the claim was objected to then the court would need to make a determination of liability and amount due to determine what amount, if any, of disputed claim should be included in determining the total amount of noncontingent, liquidated unsecured debt owing at the time of filing of the petition for relief.[12] This court determines that although debtors contend the claim is disputed, since they have stated they will not object to creditors' proofs of claim, the amount of the claim is the amount submitted in creditors' proofs of claim and is thus liquidated.

*Good Faith*

■ The next issue to be determined is whether this court should look beyond the debtors' schedules at the time of filing to determine good faith and eligibility. At the time of filing, pursuant to debtors' schedules, debtors' unsecured claims were less than the $100,000.00 limit.

It is this court's opinion that the debtors did in fact file their Chapter 13 petition in bad faith and therefore, are ineligible for Chapter 13 relief. This conclusion is supported by the debtors' actions relating to the priority unsecured debts. On May 25, 1988, those debts were "undetermined" but on June 8, 1988, fourteen days later they were readily determinable or readily estimable. It is clear that when a party alleges

---

**6.** *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982).

**7.** *Pearson,* at 751.

**8.** *In re Zellner,* 827 F.2d 1222, 1227 (8th Cir. 1987).

**9.** *In re Mandalay Shores Co-op Housing Ass'n, Inc.,* 63 B.R. 842 (N.D.Ill.1986); *In re Little*

*Creek Development Co.,* 779 F.2d 1068, 1071–72 (5th Cir.1986); *In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir.1985).

**10.** *In re Natural Land Corp.,* 825 F.2d 296 (11th Cir.1987).

**11.** See *Pearson,* 773 F.2d 751 (6th Cir.1985).

**12.** *King,* at 378; 11 U.S.C. § 502(b).

inadequate claims for the purpose of obtaining jurisdiction, they are not eligible for bankruptcy relief.

Furthermore, in this case, there would be no prejudice to the debtors to deny them Chapter 13 relief, and they have not expended a great deal of time, money or effort towards the debtors' reorganization.

In view of the foregoing, debtors' Chapter 13 proceeding is DISMISSED WITHOUT PREJUDICE.

The above and foregoing shall constitute Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED this 22nd day of December, 1988.