**In re Freddy L. HINES, Debtor.**

**Bankruptcy No. 93–32494–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Oct. 13, 1993.

Robert B. Hill, Petersburg, VA, for Meade G. Pratali.

Richard O. Gates, Chesterfield, VA, for debtor.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held on September 20, 1993, on creditor Meade G. Pratali's objection to confirmation of the debtor's chapter 13 plan. Pratali argues that the debtor's unsecured debts exceed $100,000.00, making him ineligible for chapter 13. *See* 11 U.S.C. § 109(e). Following the hearing of evidence and the arguments of counsel, the court took the matter under advisement. For the reasons stated in this memorandum opinion, Pratali's objection to the debtor's chapter 13 plan is overruled.

### Findings of Fact

The debtor filed a chapter 7 bankruptcy petition on March 30, 1992, showing unsecured debt totalling $248,478.72. He converted to chapter 13 on June 14, 1993. The amended schedules filed pursuant to the chapter 13 case show total unsecured debt of $88,159.78. On July 28, 1993, creditor Pratali timely filed a proof of claim, noted as unsecured, for $172,450.00. On the basis of this proof of claim, Pratali filed an objection to the debtor's chapter 13 plan which is before the court.

### Position of the Parties

#### CREDITOR MEADE G. PRATALI.

█ The creditor argues that he has properly and timely filed a proof of claim showing an unsecured debt in excess of $100,000.00. No party in interest has raised an objection to the proof of claim and it is deemed allowed pursuant to 11 U.S.C. § 502(a).

#### DEBTOR FREDDY L. HINES.

The debtor argues that Pratali's claim is for contribution as a coguarantor on various loans and does not exceed 50% of the stated amount of the proof of claim. The debtor's chapter 13 schedules reflect the true amount owed to Mr. Pratali. Thus, the debtor is eligible for chapter 13.

### Discussion and Conclusions of Law

Section 109(e) of the Bankruptcy Code defines who is eligible to be a debtor in chapter 13.[1] "Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith." *Comprehensive Accounting Corp. v. Pearson (In re Pearson),* 773 F.2d 751, 757 (6th Cir.1985). Moreover, if there is no dispute as to liability but only as to amount, a claim should be treated as liquidated at least to the extent admitted by the obligor. *In re King,* 9 B.R. 376, 378–79 (Bankr.D.Ore.1981).

Pratali testified that his proof of claim is based on his full payoff of certain corporate debt for which he and the debtor were guarantors. Three notes were involved; one note to Signet Bank for $75,000.00 and notes to First Virginia Bank for $75,000.00 and $9,450.00. Accrued interest had accumulated on the indebtedness, bringing Pratali's total payoff to approximately $172,450.00. No evidence was presented at the hearing of any other guarantors on the debt.

On cross examination Pratali indicated that he did not know whether the debtor was liable to him for the full $172,450.00.

█ It is well-settled in Virginia that where two or more persons are jointly liable to pay an claim and one or more of them pays the whole of it, or more than his or her share, the one so paying may generally recover from the others the ratable proportion of the claim that each ought to pay. *Hous-*

1. Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated; unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodi-

ty broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

474

*ton v. Bain*, 170 Va. 378, 196 S.E. 657, 662 (1938).

Pratali paid the entire obligation for which he and the debtor were jointly liable. Thus, under Virginia law Pratali can recover no more than 50 percent of the obligation, or $86,225.00, from the debtor. The corresponding obligation shown by the debtor on his schedules is $80,000.00. If we add the difference of $6,225.00 to the debtor's schedules, the total unsecured debt is $94,384.78, which is within the parameters of 11 U.S.C. § 109(e).

Therefore, the debtor is eligible to be a chapter 13 debtor and the creditor's objection to confirmation of the plan must be overruled. The creditor has not met his burden of proving debtor's ineligibility for chapter 13.

A separate order will be issued overruling the objection. The chapter 13 trustee will submit a separate order of confirmation.