22 B.R. 36 (1982)
In the Matter of Lyle DeBRUNNER, Debtor.
Bankruptcy No. BK82-129.
United States Bankruptcy Court, D. Nebraska.
July 28, 1982.
Donald Swanson, Omaha, Neb., for debtor.
Robert Craig, Omaha, Neb., for First Nat. Bank & Trust Co. of Kearney.

MEMORANDUM
DAVID L. CRAWFORD, Bankruptcy Judge.
First National Bank & Trust Company of Kearney, a partially secured and partially unsecured creditor, seeks an order dismissing this Chapter 13 proceeding on the basis that the debtor is not qualified for Chapter 13 relief under 11 U.S.C. § 109(e). It is the Bank's contention that the debtor owed, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of more than $100,000.
The evidence before me would indicate that if the unsecured portion of the debt due First National Bank & Trust Company of Kearney is included in the total of his unsecured debts, the debtor is not eligible for relief under Chapter 13 because he owed more than $100,000 on the date of the filing of the petition. The debtor argues that he has breach of contract and other claims against First National Bank & Trust Company of Kearney which, when used as an offset, would reduce the amount due this creditor to such an extent that the total of his unsecured debt is less than $100,000.
The transaction between the debtor and the creditor was a loan. Debtor alleges that the creditor failed to perform certain collateral agreements and that, as a result, its claims can be used as an offset against the indebtedness owed the bank.
The creditor points to the literal language of § 109(e) of the Bankruptcy Code and suggests that, while the indebtedness claimed by it may be "disputed," the indebtedness due is noncontingent and liquidated and that disputed claims are not excluded from the computation of the total unsecured debt in determining a debtor's eligibility. The creditor points to 11 U.S.C. § 101(4) for the definition of a "claim" and suggests that the drafters of the statutory language recognized the concept of disputability with regard to claims and considered disputed claims as separate from those of a contingent or unliquidated nature. The *37 creditor suggests that the clear omission of "disputed claims" from 11 U.S.C. § 109(e) is more than an oversight.
I agree with the creditor's interpretation and conclude that only contingent or unliquidated claims are to be excluded from the claims to be considered in determining eligibility for Chapter 13 and that disputed claims are not excluded if they are noncontingent and liquidated, as is the case here.
A separate journal entry has been entered in accordance with the foregoing.