**In re Don Roy BLEHM SSN 543–42–3341 and Eileen Joy Blehm SSN 542–48–3891, Debtors.**

**Bankruptcy No. 83 B 01664 J.**

United States Bankruptcy Court, D. Colorado.

Oct. 5, 1983.

John A. Achziger, Grand Junction, Colo., for debtors.

K.K. Summers, Grand Junction, Colo., for Harold and Ann Reeder, and Rocky Mountain Dairy Sales, Inc.

Richard Hall, Hall & Pearce, Grand Junction, Colo., for Arthur and Paula Beshears.

F.M. Hockensmith, Younge & Hockensmith, P.C., Grand Junction, Colo., for Don Everhart.

MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

This matter came before the Court on the Motion to Confirm the Debtors' Chapter 13 Plan and objections thereto. The objections allege that these Debtors are not eligible for a Chapter 13 proceeding in that 11 U.S.C. § 109(e) provides that an individual is eligible for Chapter 13 if they owe "noncontingent liquidated unsecured debts of less than $100,000.00." Therefore, the only way a debt can be excluded from the computation of the Chapter 13 dollar limits is if it is "contingent" or "unliquidated".

Shortly before hearing on this matter, several creditors filed proofs of claim wherein they alleged that the Debtors operated a corporation known as the Rocky Mountain Dairy Sales in such a manner as to constitute a sham and that, therefore, the creditors of this corporation should be allowed to "pierce the corporate veil" of the corporation and assert their claims directly against these Debtors.

This Court can find no cases dealing with the precise issue of "corporate-veil piercing" debts, but by analogy to the type of debts discussed in the existing case law, this Court concludes that these debts should not be included in the computation of the § 109(e) limits of the individual Debtors.

The Bankruptcy Code contains no definition of the terms contingent or liquidated. However, the concepts have been around a long time and the bankruptcy laws and cases under the Code have generally continued to apply the judicially created definitions from the old Bankruptcy Act cases.

Generally, the courts have considered as contingent debts those claims which depend either as to their existence or their amount on some future event which may not occur at all or may not occur until some uncertain time.

█ Liquidation has to do with whether the *amount* of the claim can be easily determined. Again, generally speaking, claims are liquidated if the Court is able to make a sufficiently precise determination of the amount due for the claim.

In one analysis, claims "in substantial dispute" may be considered unliquidated. This analysis comes from the case of *In re King*, 9 B.R. 376 (Bkrtcy.Or.1981). The Court in *King* noted that the dollar limits in § 109(e) apply to "debts" and the Code defines "debt" as "*liability* on a claim." 11 U.S.C. § 101(11). It then decided that "the Court must make a determination of liability and amount due in the case of a disputed claim in order to determine what amount, if any, of the disputed claim should be included in determining the total amount of non-contingent, liquidated, unsecured debt owing at the time of the filing of the petition for relief."

The Court then discussed definitions of the term "liquidated" and keyed on the words "settled", "adjusted", "ascertained", "agreed on by the parties", and "fixed by law." From these definitions, the Court concluded that "a debt is not liquidated if there is a substantial dispute regarding liability or amount."

The Court then proceeded to do a quick review of the pleadings filed in adversary proceedings involving the three disputed debts in the case. Where it found no evidence in support of or against allegations in the pleadings, "the Court must assume that there is a substantial dispute between the plaintiffs and defendants as to both liability and amounts of their respective claims." The Court excluded all the disputed debts from the § 109(e) computation.

While the *King* approach is attractive, I cannot follow it because a decision from the Bankruptcy Appeals Panel for the Ninth Circuit, *In re Sylvester*, 19 B.R. 671 (Bkrtcy. 1982), expressly criticizes the decision and reasoning in *King*.

In *Sylvester*, the Court, citing § 101(4)(A)

(4) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or . . .

concludes that disputed, unliquidated, and contingent have different meanings under the Code and that (because of the obvious exclusion of "disputed" in § 109(e)) disputed unsecured debt is *not* excluded when determining whether the $100,000.00 limit is exceeded.

*Sylvester* also cites a Tenth Circuit case, *In re Thomas*, 211 F.Supp. 187 (D.Colo. 1962), *aff'd*, 327 F.2d 667 (10th Cir.1964), for the proposition that the "fact that the respondent may have defenses or counterclaims against the claimant would not effect the [debt's] character as liquidated . . . ."

The Court concludes that "the fact the claim was disputed was not relevant for purposes of Section 109(e), and the fact that it was subject to defenses and counterclaims was likewise not relevant."

However, the case also states that the Bankruptcy Court should have a hearing on the merits of the claim in order to determine the liquidated amount of any disputed claim *prior* to making the § 109(e) computation. Another case which holds disputed debts are not excluded from § 109(e) is *In re DeBrunner*, 22 B.R. 36 (Bkrtcy.Neb. 1982).

The classic examples of contingent debts are the guarantor/surety situations and a tort claim on which no judgment has been entered. The guarantor situation is obvious—there liability is dependent on a future uncertain event—the default of the primary obligor. Tort claims have been considered contingent because they require proof by the plaintiff creditor of the debtor's liability and the amount of damages are, by their

very nature, not fixed unless and until a judgment is entered setting the debtor's liability.

One author has contrasted contingent and non-contingent claims this way:

When a person enters into a contract under which he or she is required to make a payment to a third party, a legal duty to make that payment arises as soon as the conditions to payment under the contract have been met. If court action is necessary to recover the amount due, the court is simply forcing the breaching party to discharge an existing duty. In the case of a tort claim, however, 'the parties at the time of the alleged negligent act would be presumed to have contemplated that the alleged tort feasor would be liable only if it were so established by a competent tribunal'.

W. Drake & J. Morris, *Eligibility for Relief Under Chapter 13*, 57 Am.Bankr.L.J. 195 (1983), (citing *In re All Media Properties, Inc.*, 5 B.R. 126 (Bkrtcy.S.D.Tex.1980)).

The *All Media* case has an extensive discussion of contingent versus non-contingent claims. It concludes that "claims are contingent as to liability if the debt is one which the debtor will be called on to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and the creditor at the time the event giving rise to the claim occurred . . . . On the other hand, if a legal obligation to pay arose at the time of the original relationship, that obligation is subject to being avoided by some future event or occurrence, the claim is not contingent as to liability, although it may be disputed as to liability for various reasons."

Another good explanation of when a claim is contingent is found in the case of *Denham v. Shellman Grain Elevator, Inc.*, 444 F.2d 1376 (5th Cir.1971). The Court, in the context of deciding whether certain petitioning creditors were qualified to file an involuntary petition, concluded that contingent claims are "open, unliquidated claims

(e.g. tort or quantum meruit claims requiring proof as to liability, reasonable value, damages, etc.), which by their very nature are not fixed unless and until judicial award to fix liability and amount."

When analyzed against the above definitions of contingent claims, it is clear that the "veil-piercing" claims against these individual defendants do not fit exactly on one side or the other. On the one hand, if liability is established, the amount of damages would be easy to determine from the underlying contracts or notes or whatever agreements the creditor entered into with the corporation. In this respect, claims are like the classical non-contingent claims of breach of contract or default on notes.

But, on the other hand, the plaintiff must prove elements justifying the veil-piercing in the first place in order to establish the Debtors' liability. In this respect, it is like a tort claim, where the plaintiff must first establish negligence. It seems to this Court that veil-piercing is *more* like a tort claim than a contract claim. In a sense, it is a remedy for a type of fraud perpetrated on the creditors. This Court concludes, therefore, that the veil-piercing claims are contingent and should not be included in the § 109(e) computation. Thus, the Debtors in this case are eligible for Chapter 13 treatment under § 109(e).

The Court has considered the other requirements of § 1325 and has considered the factors set forth in *Flygare v. Boulden*, 709 F.2d 1344 (10th Cir.1983) and finds that those requirements have been met. Accordingly, the objections to confirmation filed herein are denied and the Court will enter an Order confirming the Debtors' Chapter 13 plan.