### In re Gene CRESCENZI, Debtor.

### No. 85 Civ. 8857–CSH.

United States District Court,
S.D. New York.

Dec. 4, 1986.

A. Lawrence Washburn, Jr., New York City, for debtor.

David Helfant, New York City, for Paul I. Krohn.

Wisehart & Koch, New York City, for Jamice Carey; Arthur M. Wisehart, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Prospective Debtor Gene Crescenzi appeals from an order entered September 30, 1985 by Judge Abram, 53 B.R. 374 (Bkrtcy. N.Y.1985), dismissing his petition filed under Chapter 13 of the Bankruptcy Code. Upon commencement of this appeal, Crescenzi petitioned for a stay of Judge Abram's order pending resolution of the appeal. By Memorandum Opinion and Order dated January 16, 1986, 58 B.R. 141 (S.D.N.Y.1986), I denied Crescenzi's request for a stay on the grounds that he had failed to demonstrate a likelihood of success on the merits of his appeal. *Cf. In re Beck,* 26 B.R. 945, 946 (Bnkrtcy.N.D.Ohio 1983). Familiarity with previous opinions issued in this bankruptcy proceeding is assumed.

Judge Abram's comprehensive and scholarly opinion dismissing the petition relied on several grounds. I found it necessary to examine only one ground in my previous opinion, and I find that same ground dispositive of the instant appeal.

### Disputed Debts and § 109(e)

Section 109(e) provides, in pertinent part: "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 ... may be a debtor under chapter 13 of this title."

The question before me today is whether a disputed debt constitutes a "noncontingent, liquidated, unsecured" debt within the meaning of § 109(e). Several courts have considered this question, with varying results. The majority of courts considering the question have held that merely because a debtor disputes a debt, or has potential defenses or counterclaims that might reduce the creditors' actual collection, the debt is not thereby rendered "contingent" or "unliquidated." *In re Albano,* 55 B.R. 363 (D.C.1985); *Matter of Vaughan,* 36 B.R. 935 (N.D.Ala.1984); *In re DeBrunner,* 22 B.R. 36 (Bnkrptcy.D.

Neb.1982); *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982); *see also In re Thomas,* 211 F.Supp. 187, 192 (D.Col.1962). *But see In re Lambert,* 43 B.R. 913 (Bkrtcy. Utah 1984); *Matter of Pearson,* 773 F.2d 751 (6th Cir.1985); *In re King,* 9 B.R. 376 (Bkrtcy.D.Or.1981).

I adopt the majority position on this question because it appears to me the best reasoned approach. The limitations contained in the pertinent part of § 109(e) would be rendered meaningless if prospective debtors could avail themselves of Chapter 13's provisions merely by disputing [1] the amount of their unsecured debt over $100,000.

■ At the time he filed his Chapter 13 petition, Crescenzi was faced with two outstanding judgments amounting to a liquidated unsecured debt of over $400,000.[2] I hold that despite the existence of a dispute regarding Crescenzi's potential ability to reduce the amount of these judgments by counterclaims for amounts due him for attorney fees, these judgment debts are noncontingent within the meaning of § 109(e).

The opinion of the bankruptcy court is affirmed for the reasons stated above. I express no opinion on other issues discussed by the bankruptcy court.

Appeal dismissed. SO ORDERED.

---

1. *In re Albano, supra,* persuasively responds to the suggestion that only "bona fide disputes" reduce the amount of unsecured debt for § 109(e) purposes. The court in *Albano* notes that "if a 'bona fide dispute' were alone sufficient to take a debt out of the § 109(e) calculation, the bankruptcy court would have to look into each dispute to determine whether it is bona fide." 55 B.R. at 368. Requiring the bankruptcy court to pass on the merits of each claim presented would impose an unworkable burden on the processing of Chapter 13 petitions.

2. The circumstances leading to these judgments against Crescenzi are described in Judge Abram's opinion, *supra,* 53 B.R. 141.