**In re Stanley Dean HANSON, OSD Stanley D. Hanson, O.D.P.C. FDBA Optical Expressions, Debtor.**

**No. 01–22379 EEB.**

United States Bankruptcy Court,
D. Colorado.

April 3, 2002.

John F. Head, Denver, CO, for Moving Creditors.

Sonja Ann Becker, Denver, CO, for debtor.

## AMENDED ORDER

ELIZABETH E. BROWN, Bankruptcy Judge.

THIS MATTER comes before the Court after an evidentiary hearing on the Motion to Dismiss, filed by creditors Janenne M. Wall, Thomas P. Malone & Associates, P.C., Daniel L. Woodrow, Terry Bernuth and James TenBrook (the "Moving Credi-

tors"). The Moving Creditors seek dismissal on two bases: (1) that the Debtor does not qualify for Chapter 13 relief because his debts exceed the debt limitations imposed by 11 U.S.C. § 109(e); and (2) for bad faith filing. Given the Court's ruling on the eligibility issue, it is not necessary to consider the bad faith claim.

## FACTUAL BACKGROUND

In connection with the Debtor's divorce proceedings, the Arapahoe County District Court ("the state court") issued Permanent Orders and a separate Attorney Fees Order, requiring the Debtor to pay sums certain to various persons. The Debtor is presently appealing these awards, but did not obtain a stay pending appeal. As a result, during the ninety-day preference period before this bankruptcy filing, the Moving Creditors reduced their awards to judgment and obtained judgments liens against the Debtor's various real estate interests. Another group of creditors, who were also awarded amounts in these state court orders, had not yet obtained judgments or liens prior to the bankruptcy filing, nor have they formally joined on the pending Motion to Dismiss (the "Non–Moving Creditors").

The Debtor contends that the judgments held by the Moving Creditors and the amounts awarded to the Non–Moving Creditors are neither liquidated nor contingent because he disputes these claims. In his Schedules, he lists the claims of these creditors on either Schedule E or F at a "zero" amount or at an amount significantly lower than the amount of the judg-ment. Thus, based on a cursory look at the Schedules, the Debtor appears to be within the eligibility parameters.

Each of the Moving and Non–Moving Creditors, however, filed timely claims. Each claim is based on the specific amount awarded in a state court order, with a copy of the applicable order attached, and a breakdown of the precise dollar amounts owed for principal and prepetition interest. At the hearing, the Debtor did not dispute that the Moving Creditors had obtained judgments, that the Non–Moving Creditors were awarded certain amounts in the state court orders, or that the judgment liens of the Moving Creditors were acquired during the preference period. The claims filed by the Moving Creditors total $213,620.98.[1] The claims filed by the Non–Moving Creditors total $88,426.25.[2] On his Schedule F, the Debtor lists undisputed, liquidated unsecured debts owed to other creditors, totaling $57,386.51.[3] Thus, based on a review of the Schedules and the timely-filed proofs of claim in this case, the combination of the undisputed debts, the claims of the Moving Creditors and the claims of the Non–Moving Creditors aggregates $359,433.74.

## ELIGIBILITY DEBT LIMITATIONS

■ If the liens of the Moving Creditors were to be avoided as preferences, the amount of these judgments would cause the Debtor to exceed the amount of unsecured debt allowed under the eligibility requirements of 11 U.S.C. § 109(e). Section 109(e) provides, in relevant part, that

---

1. The breakdown of these claims is as follows: Thomas P. Malone & Associates—$70,076.50; Terry Bernuth—$18,752.63; Jannene M. Wall—$75,211.15; Daniel L. Woodrow—$21,206.57; James TenBrook—$28,374.13.

2. The breakdown of these claims is as follows: Joshua Wall—$35,137.60; Gouldian Finch,

LLC—$22,299.73; Catherine Hanson—$15,494.46; Christina Hanson—$15,494.46.

3. Debtor's Schedule F values total claims at $75,386.51. Of this amount, debtor lists $18,000 owed to James TenBrook as disputed, leaving $57,386.51 as the total *undisputed* liquidated debt owed to creditors.

"[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525 and noncontingent, liquidated, secured debts of less than $871,550 ... may be a debtor under chapter 13 of this title."[4] In determining eligibility under Section 109(e), the Court must rely primarily on the debtor's schedules and the timely-filed proofs of claim. *In re Barcal*, 213 B.R. 1008, 1015 (8th Cir. BAP 1997).

■ Whether a debt is liquidated turns on whether it is subject to "ready determination and precision in computation of the amount due." *In re Sylvester*, 19 B.R. 671, 673 (9th Cir. BAP 1982), quoting *In re Bay Point Corp.*, 1 B.C.D. 1635 (Bankr.D.N.J. 1975); *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir.1987). In other words, a debt is considered to be "liquidated" if the amount is readily ascertainable. *See In re Burgat*, 68 B.R. 408 (Bankr.D.Colo.1986). In the present action, the debts totaling $359,433.74 are either undisputed or readily ascertained from the state court orders.

■ A debt is noncontingent when all events giving rise to liability occurred prior to the debtor's filing for bankruptcy. *In re Mazzeo*, 131 F.3d 295, 303 (2nd Cir.1997). "Only if liability relies on some future extrinsic event which may never occur will the debt be held to be contingent." *In re Nesbit*, 2000 WL 294834, at *2 (Bankr.W.D.Pa.2000). "It is generally agreed that a debt is contingent if it does not become an obligation until the occurrence of a future event, but is noncontingent when all of the events giving rise to liability for the debt occurred prior to the debtor's filing for bankruptcy." *In re Mazzeo*, 131 F.3d at 303. *See In re*

*Knight*, 55 F.3d 231, 236 (7th Cir.1995). *See also In re Blehm*, 33 B.R. 678, 680 (Bankr.D.Colo.1983); *In re All Media Properties, Inc.*, 5 B.R. 126 (Bankr. S.D.Tex.1980), aff'd, 646 F.2d 193 (5th Cir. 1981); 2 L. King, COLLIER ON BANKRUPTCY ¶ 109.06[2][b] (15th ed. rev.2001) ("In deciding whether a claim is noncontingent, and therefore counted toward the debt limits, courts have generally ruled that if a debt does not come into existence until the occurrence of a future event, the debt is contingent.... [A] creditor's claim is not contingent when the 'triggering event' occurred prior to the filing of the chapter 13 petition.")

■ "The majority of courts considering the question have held that merely because a debtor disputes a debt, or has potential defenses or counterclaims that might reduce the creditors' actual collection, the debt is not thereby rendered 'contingent' or 'unliquidated.'" *In re Crescenzi*, 69 B.R. 64, 65 (S.D.N.Y.1986); *In re Jordan*, 166 B.R. 201, 202 (Bankr.D.Me. 1994) ("[T]he vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt, does not automatically render the debt either contingent or unliquidated."). This District has previously adopted the majority approach:

> In *Blehm* and *Burgat*, each Court rejected the view that a *disputed* debt is unliquidated and thus must be excluded from Section 109(e) calculations. The Courts, instead, adopted the generally accepted notions that a "debt" is (a) essentially synonymous with a "claim" and (b) a claim qualifies as *liquidated*, if it is readily calculable or ascertainable as to amount, and (c) a debtor's dispute, defenses or counterclaims, do not affect

---

4. Unless otherwise specified, all references to "Sections" are to sections in Title 11, United States Code.

the character and classification of claim as being *liquidated*. [*In re Blehm*, 33 B.R. 678, 679 (Bankr.D.Colo.1983); *In re Burgat*, 68 B.R. 408, 411 (Bankr.D.Colo. 1986); *In re Sylvester*, 19 B.R. 671, 673 (9th Cir. BAP 1982)]; See, *In re Thomas*, 211 F.Supp. 187, 192 (D.Colo.1962), aff'd, 327 F.2d 667 (10th Cir.1964). *In re Clark*, 91 B.R. 570, 574 (Bankr. D.Colo.1988) (citations supplemented). *In re Cluett*, 90 B.R. 505, 507 (Bankr.M.D.Fla. 1988) ("the judgment obtained by [the creditor] clearly represents a liability which is fixed and which is noncontingent and remains a final and enforceable judgment until it is reversed, if ever, upon appeal"); *In re Redburn*, 193 B.R. 249, 259 (Bankr.W.D.Mich.1996) ("A noncontingent and liquidated state court judgment debt is not turned into a 'contingent' debt merely because an appeal is lodged by a debtor."). Consequently, the Moving and Non–Moving Creditors' awards are noncontingent and liquidated.

■ The only remaining issue is whether the Moving Creditors' judgment lien claims are deemed secured or unsecured for eligibility purposes under Section 109(e). In *In re Toronto*, 165 B.R. 746 (Bankr.D.Conn.1994), the creditor held a judicial lien on the debtors' homestead which the debtors avoided postpetition as a preference. The creditor filed a motion to dismiss, alleging that the debtors did not qualify for Chapter 13 relief because, with the avoidance of the judicial lien, they exceeded the unsecured debt limitations set forth in Section 109(e). The debtors argued that, for Section 109(e) purposes, the unsecured claim arose only with the entry of the judgment setting aside the lien. The bankruptcy court disagreed, specifically finding that, for the purposes of Section 109(e), the unsecured claim did not arise when the post-petition judgment voiding the lien was entered, but rather existed as of the date of the filing of the petition. The court held that the debt limitations of Section 109(e) must be construed to include claims deemed unsecured by operation of the Bankruptcy Code.

The movant's unsecured claim arose as a result of the debtors' "recovery" of their residence, see § 550(a), by the avoidance of the involuntary "transfer" of a lien to the movant, see § 101(54)[58]. Section 502(h) therefore mandates that the movant's claim be determined and allowed as though it had arisen before the date the petition was filed. See *Allied Cos., Inc. v. Broughton Foods Co. (In re Allied Cos., Inc.)*, 155 B.R. 739, 744 (Bankr.S.D.Ind.1992) ("[S]ubsequent avoidance of the [preferential] payment relates back to the time before bankruptcy, so the claim is deemed to have been unpaid at the time the petition was filed.") . . . .

. . . The specificity of those limitations [§ 109(e)] reflects a congressional intent that they be strictly applied. When a preferential transfer reduces prepetition unsecured debt, § 547 effectuates the code policy of reversing that transfer. . . . That policy prevents the payment of certain creditors at the expense of others through the voluntary or involuntary transfer of property that should have been estate property. The transferee receiving a prohibited transfer is returned to its pre-transfer status, i.e. the holder of an unsecured, prepetition claim. Thus, § 547 "essentially treats the estate as if it were already created during the preference period." *County of Sacramento v. Hackney*, 93 B.R. 213, 218 (Bankr.N.D.Cal.1988). If a debtor was ineligible for chapter 13 relief at the start of the preference period, eligibility cannot be created by a preferential transfer which the debtor subsequently avoids and which is treated under the code as though it had never occurred. *Id.* at 753–754 (some citations omitted). The *Toronto* court analogized its decision

to the line of cases holding that the unsecured portion of undersecured claims should be included in the calculation of the unsecured debt limitation under Section 109(e). *See also In re Scovis*, 249 F.3d 975 (9th Cir.2001) (holding a judgment lien subsequently avoided must be treated as unsecured for Chapter 13 eligibility purposes even though it was not avoided until after the petition date).

## CONCLUSION

In summary, the Moving Creditors' judgment liens, filed during the preference period, are subject to avoidance and must be treated as unsecured for the purpose of determining eligibility under Section 109(e). Since the Moving Creditors' judgments are not contingent or unliquidated, and must be treated as unsecured, the Debtor's aggregate unsecured debt exceeds the statutory limitations, and this Debtor is ineligible for Chapter 13 relief. Accordingly, the Motion is granted and this case shall be dismissed.