**In re Clarence W. & Dorothy TEAGUE, a/k/a, d/b/a Will Teague Paint Company, Debtors.**

**Bankruptcy No. HS 88–204 F.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

April 16, 1989.

---

Donald Roberts, Hot Springs, Ariz., for debtors.

Scott A. Frick, Memphis, Tenn., for Memphis Mid–South.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Before the Court is a Motion to Dismiss filed by Memphis Mid–South Contractors, Inc. (Memphis Mid–South). The debtors, Clarence W. and Dorothy Teague, doing business as Will Teague Paint Company, filed their chapter 13 petition on June 24, 1988. The motion to dismiss alleges that the debtors are not eligible to be debtors under chapter 13 of the Bankruptcy Code pursuant to 11 U.S.C. § 109(e) in that they have over $100,000 in unsecured, noncontingent, liquidated debts.

A hearing was held on the motion on March 15, 1988. After the presentation of the evidence, the Court took the issue under advisement and requested briefs from the parties. The proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the following is the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### Findings of Fact

The debtors filed their chapter 13 petition, including schedules, on June 24, 1988. Schedule A–3, Creditors Having Unsecured Claims Without Priority, lists seventeen claims totalling approximately $40,990.99 all of which the debtors list as liquidated and noncontingent. The debtors list three additional unsecured debts, which they identify in the remarks section as either disputed or contingent/disputed. Among these three is a debt of $201,549.29 to Memphis Mid–South which the debtors describe as "disputed—American Arbitration Associates number 30110501487."

Prior to the date of the debtors filing their petition in bankruptcy, an arbitration hearing was conducted concerning a dispute between the debtors and Memphis Mid–South. The arbitration hearing was conducted on June 6 and June 22, 1988 by a panel of the American Arbitration Association. The panel then allowed a period of time for "post-hearing material" to be submitted. The Bankruptcy Court's record reflects that Memphis Mid–South submitted one letter to the panel dated June 15, 1988. The Bankruptcy Court's record further reflects that a letter dated June 24, 1988 was sent to Don Roberts, Attorney for the debtor herein, from the American Arbitration Association requesting comments by the respondent/debtor by July 1, 1988. On

October 27, 1988 the American Arbitration Association panel issued an award to Memphis Mid–South in the amount of $118,000.

### Conclusions of Law

■ The issue before the Court is whether, under the facts presented, the debtors on the date of the filing of the petition had noncontingent, liquidated, unsecured debts of less than $100,000. 11 U.S.C. § 109(e)[1]. Memphis Mid–South argues that by listing the debt as "disputed" in the amount of $201,549.29 that the debt should be included in the total for unsecured debts, and thus the debtors are not eligible for relief under chapter 13. While the debtors contend that by listing the debt as "disputed" that it should not be counted in the total of unsecured debts. Further, the debtors contend the debt was unliquidated on the date of the filing, and any award given by the American Arbitration Association after the filing of the petition and in violation of the automatic stay should not be included in the total of the unsecured debt. The Court, in its analysis, will consider first the debtors listing the "disputed;" second, the Court will analyze the debt in light of the arbitration award.

There exists a split of authority concerning a debt that is listed as "disputed." One line of cases, apparently the majority view, holds that a disputed claim is included in the total in determining the unsecured § 109(e) ceiling. *In re Sylvester*, 19 B.R. 671, 673 (B.A.P. 9th Cir.1982); *In re Albano*, 55 B.R. 363, 368 (N.D.Ill.1985); *In re Pulliam*, 90 B.R. 241, 244 (Bankr.N.D.Tex. 1988); *In re Hutchens*, 69 B.R. 806, 811 (Bankr.E.D.Tenn.1987); *In re Blehm*, 33 B.R. 678, 679 (Bankr.D.Col.1983); *In re DeBrunner*, 22 B.R. 36, 37 (Bankr.D.Neb. 1982). The minority holds that a disputed

claim is an unliquidated claim and should not be considered for the eligibility requirement amounts. *In re Lambert*, 43 B.R. 913, 919–20 (Bankr.D.Utah 1984); *In re King*, 9 B.R. 376, 378–79 (Bankr.D.Or. 1981).

This Court agrees with the majority view. By its own terms, § 109(e) excludes only contingent and unliquidated debt, there is no mention of disputed debt. No debtor can be permitted to "shoehorn" himself into chapter 13 by merely disputing unsecured debt. *Albano, supra* at 368. Because a debtor disputes a debt, or has defenses or counterclaims, that does not render the debt contingent or unliquidated. *Id.*[2]

Here, the debtors listed their debt of $201,549.29 to Memphis Mid–South as disputed. The debtors did not add this debt to their total of unsecured debts of $40,990.99. Once this Mid–South debt is considered as part of the total, the debtors exceed the $100,000 debt limitation of 11 U.S.C. § 109(e) and are ineligible to be chapter 13 debtors.

■ Next, the debtors contend that the Bankruptcy Court should not give any effect to the American Arbitration Association panel's award of $118,000, since the panel's decision was after the filing of the bankruptcy petition and in violation of the automatic stay. The evidence at the hearing reflects that the panel received all evidence pertaining to the arbitration claim prior to the debtors' filing bankruptcy. The matter was under advisement when the debtors filed, and the award by the panel was made some four months later.

■ Although there exists little case law on the issue, the action of the arbitration

---

1. 11 U.S.C. § 109(e) provides in pertinent part:
   Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under chapter 13 of this title.

2. The Court notes that Schedule A–3, Creditors Having Unsecured Claims Without Priority, which is a form that is supplied with chapter 13 petitions, has instructions which state: "Indicate

in 'remarks' if the claim is (1) disputed, contingent or unliquidated." Thus, the form might be read as suggesting a distinction between disputed and undisputed debts and having some legal significance. As this opinion has established, any such suggestion would be incorrect as a matter of law to the extent that it could be used in a determination of the $100,000 limit. An error in the form cannot override statutory meaning. *See Albano, supra* at 369 n. 12.

panel does not appear to violate the automatic stay. Where the parties to a proceeding have concluded all activity and the Court takes the matter under advisement pre-petition, the entry of a decision post-petition by the Court is not an action which is stayed by 11 U.S.C. § 362(a). *In re Wilson*, 72 B.R. 956, 958 (Bankr.M.D.Fla.1987); *In re Anderson*, 62 B.R. 448, 453 (Bankr.D. Minn.1986).

If the arbitration panel had not determined the amount of this disputed claim, then this Court would have required a hearing for a determination of the debt, since § 109(e) is an eligibility requirement to be met by all chapter 13 debtors. A majority of courts have either expressed a need for such a hearing concerning disputed debts and the debtors' ensuing eligibility, or have resorted to a hearing without articulating the rationale. *In re Lambert*, 43 B.R. 913, 924 (Bankr.D.Utah 1984); *see In re Sylvester, supra; In re Blehm, supra; In re Carson*, 32 B.R. 27 (Bankr.S.D.Fla.1983); *see also, In re Prince*, 5 B.R. 432 (Bankr. W.D.N.Y.1980); *In re Kelsey*, 6 B.R. 114 (Bankr.S.D.Tex.1980); *In re Walters*, 11 B.R. 567 (Bankr.S.D.W.Va.1981). Without the bankruptcy court making such a determination, the eligibility of debtors would depend solely on the accuracy and good faith of both creditors and debtors. *In re Sylvester*, at 673.

Since the arbitration panel has determined the amount of this disputed debt, this Court may use this amount to determine the eligibility of the debtors. *See In re King*, 9 B.R. 376 (Bankr.D.Or.1981). By adding this $118,000 to the other unsecured, noncontingent, liquidated debts, the debtors have a total amount unsecured of $158,990.99, clearly over the eligibility threshold. The debtors' chapter 13 shall therefore be dismissed.

An Order of even date consistent with this opinion shall be issued.