**In re Russell Edward HUSTWAITE, Joyce Hustwaite, Debtors.**

**Bankruptcy No. 390–36445–H13.**

United States Bankruptcy Court, D. Oregon.

Oct. 29, 1991.

Wayne Godare, Snyder & Associates, Portland, Or., for debtors.

Thomas Renn, Greene & Markley, Portland, Or., for claimant.

### OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon the objection of Paula Pfiefle ("claimant") to confirmation of the debtor's proposed chapter 13 plan. The debtors are represented by Wayne Godare of Snyder & Associates and the claimant is represented by Thomas Renn of Greene & Markley, P.C.

The limited issue presented to the court at this time is whether the debtors are eligible for relief under chapter 13 pursuant to the provisions of 11 U.S.C. § 109(e). The claimant argues that the debtors are not eligible because their liquidated, unsecured debts exceed $100,000. The basis for this argument is that Mr. Hustwaite is liable for damages resulting from his alleged sexual abuse of the claimant and others.

The claimant argues that the alleged wrongful conduct resulted in medical damages to her of $159,913.77 plus other general damages. The claimant argues that the alleged medical damages can be readily determined and that, therefore, the claim is "liquidated", at least to that amount. The claimant's objection is probably more accurately characterized as a motion to dismiss

for failure to qualify for relief under chapter 13 pursuant to § 109(e). The court will treat it as such. If the claimant were correct, the court would dismiss the case under § 105.

The debtors do not presently deny that the claimant has incurred medical bills in the amount alleged. Rather, the debtors argue that while the claim for medical damages assumes that Mr. Hustwaite is liable, he has filed an affidavit in which he flatly denies having committed any wrongful act against any of the claimants. Thus, according to the debtors, this claim is unliquidated because it would require an extensive hearing to determine whether there is any liability.

Neither "noncontingent" nor "liquidated" is defined in the Code or the legislative history to § 109(e). The reason for the chapter 13 eligibility limitations is not expressed in the legislative history. Thus, the court must rely on logic to determine the meaning of those terms.

Section 109(e) limits chapter 13 eligibility to individual debtors with regular income who owe, "on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000...."

The word "debt" is defined in § 101(12) to mean "liability on a claim." Thus, the words "debt" and "claim" are co-extensive. *In re Loya*, 123 B.R. 338 (Bankr.9th Cir. 1991).

"Claim" is defined in § 101(5) to include contingent and unliquidated debts. Accordingly, the language in § 109(e) which specifically excludes contingent and unliquidated claims must have been intended by Congress to limit the debts that otherwise would be included in determining eligibility for chapter 13.

While the determination of eligibility is being made, the automatic stay of § 362 remains in effect and delays all creditors (with only minor exceptions) seeking to recover upon their debts. If a debtor is determined to be ineligible for chapter 13 relief, his case would be dismissed, the automatic stay would terminate and additional delay to creditors and further bankruptcy proceedings would not occur. Thus, it seems logical that eligibility should be determined quickly.

Proceedings in bankruptcy cases are often expedited because swift action is deemed desirable.[1] The short time limits for action in bankruptcy cases were adopted in an effort to avoid the perceived, deleterious effects of delay. In 1970, Congress appointed the Commission on the Bankruptcy Laws of the United States (the "Commission") to study and report on necessary changes in the bankruptcy laws. Act of July 24, 1970, Pub.L. No. 91–354, 84 Stat. 468. The report produced by the Commission was an important cornerstone upon which the ultimate revision of the Bankruptcy Act (into the Bankruptcy Code) rested. As the Commission wrote in its Report:

"Delay is critical in cases under the Bankruptcy Act, particularly in the business cases where litigation is most likely to occur. This is true because of the prejudicial effect it might have on prospects for rehabilitating an enterprise in financial distress and the aggravated risk of deterioration of the estate in the course of liquidation." (Footnotes omitted). Report of the Commission on the Bankruptcy Laws of the United States, pp. 89–92, House Document No. 93–137 (1973).

Black's Law Dictionary defines a contingent claim as: "One which has not accrued

---

[1] This is evident in a number of provisions in the bankruptcy laws which fix relatively short time limits for parties to act.

For example, a claimant has 90 days from the first date set for the meeting of creditors in which to file a claim, FRBP 3002(c); the trustee or debtor has 30 days after the 90 day period in which to file a claim for a claimant that does not timely file, FRBP 3004; a claimant has 60 days from the first date set for the first meeting of creditors in which to file a complaint objecting to discharge or to the dischargeability of a debt, FRBP 8002(a); the time for filing a notice of appeal is 10 days, FRBP 4004(a); a trustee must object to a debtor's claim of exemptions within 30 days of the first meeting of creditors, FRBP 4003; and a chapter 13 debtor has 15 days after the filing of the petition to file a plan, FRBP 3015. The standards for extending these time limits are also strict, FRBP 9006.

and which is dependent on some future event that may never happen." Black's Law Dictionary, 4th Ed., 1968. Black's defines "liquidated debt" as follows: "A debt is liquidated when it is certain what is due and how much is due." Black's Law Dictionary, 4th Ed., 1968. Common aspects of contingent and unliquidated claims are that such claims are inherently uncertain and that the uncertainty can only be resolved by the passage of time, in the case of a contingent claim, to see if the future event does or does not occur, and in the case of an unliquidated claim, the time to be expended in litigation to determine if there is a claim, and, if so, in what amount.

To determine liability or the amount owing upon an unliquidated or a contingent debt could require a lengthy trial. The issues might be such that they would most appropriately be tried by a jury. For complete certainty it would be necessary to await the outcome of any appeal that might be taken from the judgment of the trial court. All of this could involve not just a period of months, but years. In a trial to establish a debt, as much or more time could be consumed in determining the question of liability than in determining the amount of damages.

The court believes that Congress adopted the Commission's philosophy concerning delay when it limited the kinds of debts to be included in determining eligibility for chapter 13 relief. This explains why debts that cannot readily be calculated (such as contingent and unliquidated debts) are not included in the eligibility limits provided in § 109(e).

If the reason for excluding unliquidated and contingent claims from the maximum amount of debt for eligibility is so that eligibility may be promptly determined, it should make no difference that the claim is "unliquidated" because it is the liability rather than the amount of the claim which is not readily determinable. In either of these situations, delay is the result.

■ The court believes that a claim is "liquidated" under § 109(e) only if it is capable of ready determination. A claim is capable of ready determination if the debt-

or's liability and the amount of the claim can be determined on the basis of the agreed upon facts without the need for an evidentiary hearing. Any disagreement as to liability or amount which is asserted to render a claim unliquidated must not be frivolous nor can the disagreement be solely one of law as opposed to fact. It should also be noted that, to the extent liability is admitted, the claim is liquidated at least in that amount. See, *In re King,* 9 B.R. 376 (Bankr.D.Or.1981). This definition of "liquidated" will give meaning to the word and will enable a court to make an expedited determination of a debtor's eligibility for relief under chapter 13.

■ In this case, the claimants allege that Mr. Hustwaite engaged in certain behavior and Mr. Hustwaite, through counsel, denies all the allegations of fact supporting the claims of liability. It appears that Mr. Hustwaite's defense of innocence is not frivolous and liability will be determined on the basis of the credibility of the testimony of witnesses. In a case such as this where the credibility of the witnesses will be decisive, it is apparent that a court could not determine the existence of liability without an evidentiary hearing. It appears to the court that such a hearing will be complicated and lengthy. Therefore, the court concludes that the debt is not liquidated and the claimant's objection on the basis of § 109(e) will be overruled.

The claimant has raised other objections which may require further consideration by the court. The claimant is hereby directed to advise the court in writing and within 20 days hereof of any remaining objections. At that time, the court will advise the parties if further hearings or memoranda will be required.

This opinion constitutes the court's findings of fact and conclusions of law and in accordance with FRBP 7052 they will not be separately stated.