**In re William Albert FOOKS and Linda Peacock Fooks, Debtors.**

**Bankruptcy No. 91-5-7438-JS.**

United States Bankruptcy Court, D. Maryland.

March 31, 1992.

624

Walter P. Drake, Berlin, Md., for debtors.

## MEMORANDUM OPINION DISMISSING CHAPTER 13 CASE WITH PREJUDICE

JAMES F. SCHNEIDER, Bankruptcy Judge.

The debtors filed this Chapter 13 case on November 22, 1991 after having received a discharge in a Chapter 7 case numbered 88–5–1630. On January 2, 1992, this Court ordered the debtors to show cause why the filing of the Chapter 13 case within six years after the dismissal of the earlier case was not an impermissible effort to hinder and delay creditors whose debts were not discharged under the earlier Chapter 7 case, or an attempt by the debtors to discharge additional debts incurred in bad faith subsequent to the earlier discharge

[P. 5]. The debtors answered the show cause order on January 15, 1992 [P. 6].

In their answer, the debtors stated that there were no unsecured creditors other than the Internal Revenue Service and that the only purpose of the Chapter 13 filing was to obtain the protection of the U.S. Bankruptcy Court while seeking a resolution of the tax liability. The issue in this case, therefore, is whether it is permissible for the debtors to file a Chapter 13 case where the sole-scheduled claim is a non-dischargeable debt under Chapter 7.

## FINDINGS OF FACT

1. The only scheduled debt is the claim of the Internal Revenue Service for income taxes listed on Schedule E as "disputed," but stated to be $31,148.50 in amount.

2. In the debtors' Chapter 13 plan [P. 3], the debtors propose to pay the Chapter 13 trustee $100.00 per month for 36 months.

3. Because the claim of the IRS is for $31,148.50 and the plan proposes to pay only $3,600.00, the plan is severely underfunded and could not be confirmed.

## CONCLUSIONS OF LAW

1. The filing of a bankruptcy proceeding for the sole purpose of thwarting Federal tax collection efforts, when other courts (including Federal tax courts) are available to resolve disputes between taxpayers and taxing authorities, is an impermissible misuse of the jurisdiction and process of this Court.

2. The filing of the instant Chapter 13 proceeding was *per se* in bad faith, because the debtors have no demonstrable need to reorganize, (2) have no legitimate reorganization purpose and have not exhausted their administrative remedies available under Federal law. Therefore, this filing amounts to an abuse of process, namely the misuse of the automatic stay provision of Section 362 of the Bankruptcy Code to thwart the collection of taxes by the U.S. government.

3. The debtors have not evinced "an honest intent and genuine desire ... to use the statutory process [of Chapter 13] to effect a plan of reorganization." *Furness*

*v. Lilienfield,* 35 B.R. 1006, 1012 (1983) (*citing In re Metropolitan Realty Co.,* 433 F.2d 676, 678 (5th Cir.1970), *cert. denied,* 401 U.S. 1008, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971)). The debtors have no unsecured debts, other than taxes, which they deny owing.

4. When properly invoked, the Chapter 13 process affords financially-strapped debtors a breathing spell and a vehicle (the plan of reorganization) to address multiple claims in one proceeding. The Chapter 13 plan typically classifies claims and maximizes debtors' assets and opportunities to propose an acceptable means of satisfying those claims.

5. The Court holds that objective and subjective bad faith as required in *Carolin Corp. v. Miller,* 886 F.2d 693 (4th Cir.1989), have both been demonstrated. Objective bad faith is established as a matter of law on the record. The objective futility of the "reorganization" is demonstrated because the debtors have scheduled only one debt. Reorganization cannot be predicated on a two-party dispute.

Subjective bad faith is demonstrated because the debtors admitted in their answer to show cause order [P. 6] that their sole purpose in filing this Chapter 13 petition is to stay tax enforcement and to prevent wage attachments. The hindrance of such proper regulatory functions of the I.R.S. will not be permitted under the circumstances of this case. *Cf. Johnson v. Home State Bank,* 501 U.S. ——, ——, 111 S.Ct. 2150, 2156, 115 L.Ed.2d 66 (1991) (holding that "Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief," but requiring an investigation into the "good faith" of the Chapter 13 filing).

For the above reasons, the instant proceeding will be DISMISSED WITH PREJUDICE.

ORDER ACCORDINGLY.