In re Leroy Barnett ELROD and Mary Lou Elrod, Debtors.

Bankruptcy No. 94–03378–C.

United States Bankruptcy Court, N.D. Oklahoma.

Feb. 23, 1995.

Sheldon E. Morton, Tulsa, OK, for debtors.

Natalie B. Sherman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for IRS.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes to be heard upon the motion of the IRS to dismiss Debtors petition for relief under Chapter 13 because Debtors owe in excess of $250,000.00 in noncontingent, liquidated, unsecured debt.

This Court having now considered the operative facts and the arguments of counsel finds as follows.

### Statement of Facts

On September 27, 1994, the IRS seized business real property and furnishings belonging to Debtors. On that same day, Debtors filed a Chapter 13 petition with this Court. Debtors voluntarily dismissed their Chapter 13 petition on November 1, 1994, after learning that they did not qualify for relief under § 109(e) of the Bankruptcy Code because they had noncontingent liquidated unsecured debt in excess of $100,000.00. Debtors filed the present Chapter 13 petition on November 10, 1994, upon learning of the passage of the Bankruptcy Reform Act of 1994 ("Act") on October 22, 1994. The Act raised the allowable amount of a noncontingent liquidated unsecured debt for a Chapter 13 petition from $100,000.00 to $250,000.00.

Debtors on their bankruptcy schedules listed unsecured debt in the amount of $195,-995.59. This amount included an unsecured debt to the IRS of $40,780.74.

On December 8, 1994, the IRS filed an amended proof of claim in the amount of $657,377.69, of which $648,977.69 was unse-

cured. Of the unsecured amount, $638,-281.75 was listed as "estimated liability."[1]

On January 11, 1995, the IRS filed its motion to dismiss the case alleging that Debtors were ineligible to file because they have noncontingent, liquidated, and unsecured debt in excess of $250,000.

On January 15, 1995, Debtors filed an objection to the allowance of the claim and asked that this Court determine the proper amount of their debt due and owing to the IRS.

### Conclusions of Law

The issue before the Court is whether Debtors are eligible to file for relief under Chapter 13 of the Bankruptcy Code. Section 109(e) of the Bankruptcy Code sets forth the eligibility requirements. This section states in part as follows:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000.00 . . . may be a debtor under chapter 13 of this title.

The parties agree that the claim of the IRS is noncontingent and unsecured but disagree as to whether it is liquidated or unliquidated. The IRS argues that its claim is *disputed* but *liquidated* and therefore Debtors are ineligible to file for relief under Chapter 13. Debtors argue that the claim of the IRS is admitted as to liability, but the amount due is contested and therefore the claim is unliquidated and not counted in determining eligibility.

■ In regard to the meaning of contingent, liquidated, and disputed debt, *In re Lamar,* 111 B.R. 327, 329 (D.Nev.1990) (quoting *In re Sylvester,* 19 B.R. 671, 672–73 (9th Cir. BAP 1982)) held that "the words *disputed, contingent,* and *unliquidated* have different meanings." (emphasis in original). "Contingent" refers to the happening of an event, while "liquidated" refers to the *amount* of debt. *See Matter of McGovern,* 122 B.R. 712, 715 (Bankr.N.D.Ind.1989) ("Liquidation relates only to the amount of any liability . . . [and not] the existence of

liability itself"). "Disputed," therefore, must refer to whether or not there is liability. Unliquidated refers to whether the amount is contested.

The IRS cites *Matter of McGovern,* 122 B.R. 712 (Bankr.N.D.Ind.1989) for the proposition that the court should not rely on Debtors' schedules to determine Chapter 13 eligibility because this would give Debtors "exclusive control over accessibility to Chapter 13 or be permitted to circumvent its debt ceilings by the artful manipulation of the information contained in the bankruptcy filings." This Court agrees with this reasoning, but finds that *McGovern* also states that:

> In the same fashion, the court is not bound by the claims as creditors have chosen to assert them. Just as the debtor is not permitted to control its eligibility for relief under Chapter 13, that right should not be restricted by the demands of creditors. Instead, in each instance, the court is required to look beyond the information given and make an independent determination. *Id.* at 714.

■ Many cases have attempted to define the term liquidated. The generally accepted definition and the one adopted by this Court is that a claim is liquidated when the amount can be readily determined with precision and capable of ascertainment by reference to an agreement or simple mathematical computation. If a determination of the amount requires judgment, discretion or interpretation of applicable statutes, then it is unliquidated. *See In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982); *In re Bay Point Corp.,* 1 B.C.D. 1635 (D.N.J.1975); *In re Lamar,* 111 B.R. 327 (D.Nev.1990); *In re Robertson,* 143 B.R. 76 (Bankr.N.D.Tex.1992); *Matter of McGovern,* 122 B.R. 712 (Bankr.N.D.Ind.1989); *In re Loya,* 123 B.R. 338 (9th Cir. BAP 1991); *In re Dallas,* 157 B.R. 912 (S.D.Ala. 1993); *In re Claypool,* 142 B.R. 753 (Bankr. E.D.Va.1990).

■ Applying this definition to the present case, the Court cannot determine the amount of the IRS claim without an evidentiary hearing. At this evidentiary hearing the Court would hear evidence as to income earned by

---

1. Included in this amount are interest and penalties.

Debtors and deductions claimed. In determining the taxable income of the Debtors, the Court would have to apply various provisions of the Internal Revenue Code. Therefore, the claim of the IRS is not readily determinable by agreement or mathematical computation, but does require the use of judgment, discretion, determination of facts, and construction of the Internal Revenue Code.

The IRS has essentially admitted on their amended proof of claim that its claim is not readily determinable because essentially all the unsecured amount is estimated. If the amount due is estimated, it must be unliquidated and therefore not counted in determining eligibility.

Since the Debtors have noncontingent, liquidated, and unsecured debt of less than $250,000, they are eligible for relief under Chapter 13.[2]

█ The IRS also claims that the petition should be dismissed because Debtors showed bad faith by filing a second Chapter 13 petition nine days after voluntarily dismissing their initial Chapter 13 petition. Because the Bankruptcy Code was amended within days prior to the dismissal of the first case and was the reason for filing the second case, the court does not find that the circumstances in this case warrant a bad faith claim.

Based upon the above analysis, the motion to dismiss is denied. A separate judgment order denying this motion will be entered pursuant to this Memorandum Opinion.

---

**2.** Pursuant to § 502 and § 505 of the Bankruptcy Code, this Court will hold an evidentiary hearing to determine the amount of the tax claim.