**In re Salvatore J. MAZZEO,**
**Debtor–Appellant.**

No. 96–CV–4622 (TCP).

United States District Court,
E.D. New York.

Nov. 7, 1996.

As Amended Dec. 3, 1996.

Joseph J. Haspel, New City, NY, for debtor.

Elizabeth Rosenblum, Kew Gardens, NY, for N.Y. State Dept. of Taxation & Finance and New York State.

Bartholomew Cirenza, Washington, DC, for U.S.

Marianne De Rosa, Mineola, NY, pro se.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Debtor–Appellant ("Appellant") appealed from an order of the United States Bankruptcy Court, (Dorothy Eisenberg, B.J.), dated September 12, 1996, dismissing debtor-appellant's Chapter 13 proceeding, and sought a stay of the order pending determination of this appeal.

Appellant, the New York State Department of Taxation and Finance ("the Department") and the Internal Revenue Service ("IRS") by filing briefs on the merits of the appeal have converted the application to a straight appeal on the merits.

In the bankruptcy proceeding Judge Eisenberg determined that Chapter 13 was inappropriate for this appellant since his noncontingent, liquidated, unsecured debts exceeded the $250,000 debt limit of 11 U.S.C. § 109(e) and, as a result, dismissed the case.

The issue on this appeal is whether the determination by the Bankruptcy Court should be upheld on the ground that it was correct.

In the calendar year 1993, Quarterly Combined Withholding and Wage Reporting Returns (Withholding Tax Returns) indicate the following amounts due for the periods ending on the following dates: March 26, $23,040.89 due; May 29, $82,021.34 due; September 25, $53,990.97 due; and, December 31, 1993, $75,415.12 due. The returns, which were signed by appellant under oath on behalf of Westfield Financial Corporation, were filed with the Department. In 1994, Withholding Tax Returns indicating $94,076.90 due for the period ending March 31, and $52,906.77 due for the period ending September 23, 1994, also signed and sworn to by the appellant, were filed with the Department. None of the taxes aggregating $381,451.99 shown to be due were remitted with the returns and the returns stated that no payment was remitted. The appellant signed and filed the returns as President and from them, together with filed sales tax returns and other information it had, the Department made the determination that the appellant was a "responsible person" of Westfield Financial Corporation during 1993 and 1994.

On September 22, 1995, the Department sent appellant, as a responsible person, a Notice of Deficiency with respect to the unpaid taxes which, as indicated, totaled $381,451.99. The appellant had 90 days (i.e. until December 22, 1995) in which to protest formally the liability of the responsible person assessments, after which same would become final and collection actions would begin.

Rather than protest the Notice of Deficiency to a responsible person on or before December 22, 1995, the appellant, with full knowledge of the impending assessment, on December 21, 1995 (i.e. one day before the assessment) filed a Chapter 13 petition in Bankruptcy Court.

On Schedule E of the appellant's Chapter 13 petition he listed the Department as a priority creditor in the amount of $50,000, which amount he admitted he pulled "out of a hat," and characterized the actual deficiency in the amount of $381,451.99 as a "disputed, contingent and unliquidated" claim.

Appellant also listed the IRS as a priority creditor for $50,000 [1], even though federal tax liens in the amount of $88,161.99 had been filed in Nassau County on September 2, 1988 and September 22, 1993, with respect to the appellant's unpaid income tax liability from 1984. He characterized this tax lien also as a disputed, contingent and unliquidated claim.

The Department filed a Proof of Claim stating a total unsecured priority liability of $381,451.99 for withholding taxes and the IRS filed a Proof of Claim for $118,657.28 for secured tax liability (of which $113,857.28 according to the government is unsecured under 11 U.S.C. § 506(a)).

In addition, appellant listed in Schedule F of his Petition more than $399,272.59 of unsecured non-priority creditors, all but four of which were listed for "unknown" amounts.

For purposes of this decision, this Court need not address any claims other than the tax claims, the New York portion of which far exceeded the $250,000 amount and the IRS' additional $113,857.28 together with an additional $989,491.22 unsecured priority claim.

■ There was nothing contingent about the appellant's State tax liability at the time of filing of his petition, and the amount of this liability is liquidated. It is based upon the actual signed returns with the agreed upon amounts, under oath and filed by the appellant, as President of his corporate employer. No computation is required at all. The same is true of the federal tax liens for Mazzeo's unpaid prior taxes.

■ "Liquidated" denotes the ability to readily and precisely compute the amount due; the test is whether the amount "is capable of ascertainment by ... simple computation." *In re Sylvester*, 19 B.R. 671, 673 (9th Cir. BAP 1982). Several courts have determined that a claim is unliquidated only when a court can determine the amount of the claim without an evidentiary hearing.[2]

See *In re Elrod*, 178 B.R. 5, 6 (Bankr. N.D.Okl.1995); *In re Hustwaite*, 136 B.R. 853, 855 (Bankr.D.Or.1991).

■ "Contingent" denotes a debt for which liability depends upon the occurrence of some future event or condition which may never be fulfilled, *In Matter of McGovern*, 122 B.R. 712, 714 (Bankr.N.D.Ind.1989). A claim is not contingent if it has come into existence and is capable of being enforced at the time the petition is filed. *Id.* at 716.

■ The Second Circuit has defined a "responsible person" under Section 6672 of the Internal Revenue Code as any person with "significant control" over a corporation's "disbursement of funds." *Hochstein v. United States*, 900 F.2d 543, 547 (2d Cir.1990). Such control is held by "those with power and responsibility within the corporate structure for seeing that the taxes withheld ... are remitted.... This duty is generally found in high corporate officials charged with general control over corporate business affairs who participate in decisions concerning payment of creditors and disbursal of funds." *Monday v. United States*, 421 F.2d 1210, 1214–15 (7th Cir.1970). A number of factors are used to determine who has "significant control": (1) persons identified as shareholders, officers, or directors and their respective duties; (2) persons who have check signing authority; and (3) persons able to hire and fire officers and employees. *See Carter v. United States*, 717 F.Supp. 188, 192 (S.D.N.Y.1989).

■ It is irrelevant that the appellant disputes the amount or the fact that he is a responsible person. Such disputes do not render the amount unliquidated or the responsible person determination contingent. There is nothing contingent or unliquidated about the $381,451.99 which he owed to the Department, or his liability for the debt on the date of the petition and there is nothing contingent or unliquidated about the $113,-

---

1. At the hearing appellant's attorney admitted that this figure was wrong and that appellant owed approximately $100,000 to the IRS.

2. One court stated that courts cannot appropriately determine the existence of liability without an evidentiary hearing where the credibility of witnesses may be decisive. *Hustwaite*, 136 B.R. at 855.

857.28 which appellant owed to the IRS or his liability therefor.

For the foregoing reasons, the Bankruptcy Court's decision dismissing the Chapter 13 proceeding in this case, must be and the same hereby is affirmed.

SO ORDERED.