In re John Michael BROOKS, Debtor.

Bankruptcy No. 97–03413–M.

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 5, 1998.

Bruce Harlton, Tulsa, OK, for Debtor.

Loretta Radford, Asst. U.S. Atty., Tulsa, OK, for IRS.

---

**MEMORANDUM OPINION**

TERRENCE L. MICHAEL, Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to the Motion to Dismiss and Brief in Support (the "Motion") filed by the United States of America, acting on behalf of the Internal Revenue Service (the "IRS") on October 10, 1997. In the Motion the IRS requests an order of the Court dismissing this Chapter 13 case filed by John Michael Brooks ("Brooks"), Debtor herein, alleging that Brooks is ineligible for Chapter 13 relief because he has over $250,000 in noncontingent, liquidated, unsecured debts. 11 U.S.C. § 109(e) (West 1997).[1] The IRS further alleges that the case should be dismissed for cause under 11 U.S.C. § 349(a) and § 1307(c). Brooks filed his Response and Objection with Memorandum Brief to U.S.A.'s Motion to Dismiss and Brief in Support (the "Response") on October 14, 1997.

An evidentiary hearing was held on the matter on December 2, 1997. Brooks appeared personally and through his attorney, Bruce Harlton. The IRS appeared by and through its attorney, Loretta Radford. Also appearing was Lonnie Eck, the Chapter 13 Trustee. The Court received evidence and heard argument. At the conclusion of the hearing, the Court took the matter under advisement and set a December 9, 1997, deadline for further briefing. No additional briefs were submitted by either party. The following findings of fact and conclusions of law are made pursuant to Bankr.R. 7052 and Fed.R.Civ.P. 52.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a) and 109(e). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (L) and (O).

**Findings of Fact**

Brooks filed his current Chapter 13 bankruptcy petition on July 24, 1997.[2] On August

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (West 1997).

2. Brooks has filed previous petitions in bankruptcy. He filed a Chapter 7 petition (Case No. 93–03089–W) on November 17, 1994 and received a discharge on January 13, 1994. Subsequently, Brooks filed a Chapter 13 bankruptcy petition

13, 1997, the IRS filed a proof of claim (the "IRS Claim") for federal taxes in the total amount of $386,616.17, of which $382,726.17 was listed as unsecured.[3] In his schedules, Brooks listed $271,099.72 in unsecured priority claims owed to the IRS, denoting the claims as disputed. On October 14, 1997, Brooks filed an Objection to the Claim of the IRS, alleging that Brooks is not personally liable for $269,860.59 of the IRS Claim. In addition, Brooks commenced an Adversary Proceeding on August 28, 1997 concerning the IRS Claim. Although Brooks did not testify at the October 14, 1997, hearing, the parties stipulated that Brooks vigorously disputes the IRS Claim.

The IRS is the only creditor listed in Brooks' bankruptcy schedules. On October 14, 1997, Brooks filed his "Second Amended Proposed Chapter 13 Plan" (the "Second Plan"). In addition to the IRS Claim, the Second Plan provides for payment in full of a $2,000.00 claim to the "Firefighters [sic] Credit Union."[4] There can be no doubt that but for the IRS claim, this bankruptcy case would not exist. The Court finds as a matter of fact that this Chapter 13 case exists solely as a forum to be used by Brooks to dispute his debt to the IRS.

The Court also finds that the issue of Brooks' eligibility to be a debtor in a Chapter 13 case has been previously litigated before this Court. On June 7, 1996, Brooks filed a Chapter 13 petition which was docketed as Case No. 96–02183–W (the "1996 Case"). On February 21, 1997, the IRS filed a motion to dismiss the 1996 Case on the basis that Brooks owed an unsecured, non-contingent, liquidated claim to the IRS in excess of $250,000, and was ineligible for relief under Chapter 13 of the United States Bankruptcy Code. *Case No. 96–02183–W, Docket No. 19.*[5] On April 23, 1997, after a hearing, the

motion to dismiss the 1996 Case was granted. *Case No. 96–02183–W, Docket Nos. 23M and 24.* Brooks was given due and proper notice of the motion to dismiss and the April 23, 1997, hearing. The order dismissing the 1996 Case was not appealed.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

## Conclusions of Law

The Motion raises three separate legal issues for the Court's consideration:

(1) Whether Brooks is eligible to file a petition for relief under Chapter 13 of the United States Bankruptcy Code;

(2) Whether Brooks is precluded under the doctrine of *res judicata* from relitigating the issue of his eligibility; and

(3) Whether Brooks filed this bankruptcy case in good faith.

For the reasons set forth below, the Court answers the first two questions in the affirmative and the third question in the negative. Accordingly, this bankruptcy case will be dismissed.

### Eligibility under § 109(e)

The issue before the Court is whether Brooks is eligible for relief under Chapter 13 of the Bankruptcy Code. The governing statute is § 109(e) of the Bankruptcy Code, which reads as follows:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with

(Case No. 96–02183–W) on June 7, 1996, which was dismissed on April 29, 1997.

**3.** The total amount of $ 386,616.17 consists of a secured claim in the amount of $3,890.00, unsecured priority claims of $270,648.89, and unsecured general claims of $112,077.28.

**4.** An entity named "Fire Fighters Credit Union" filed a proof of claim in this case as a secured creditor with a claim of $2,067.23. *Claim No. 1.* Fire Fighters Credit Union has made no other

appearance in the case, and has not objected to confirmation of the Second Plan.

**5.** In his response to the Motion, Brooks admitted the existence of the 1996 Case. *Response*, p. 1. Accordingly, the Court has taken judicial notice of the proceedings relating to the dismissal of the 1996 Case. *See* Federal Rule of Evidence 201; Russell, *Bankruptcy Evidence Manual*, 1998 Ed., § 201.6.

regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.

§ 109(e) (West 1997). Therefore, to be eligible under chapter 13, a debtor may not owe unsecured, liquidated, and noncontingent debts in excess of $250,000. The question is whether the IRS Claim qualifies as unsecured, liquidated and non-contingent.

## The IRS Claim as Unsecured Debt

In many cases, eligibility under § 109(e) is determined by looking at the schedules filed on the date the petition in bankruptcy was filed. *In re Hutchens,* 69 B.R. 806, 809–810 (Bankr.E.D.Tenn.1987) (citing *In re King,* 9 B.R. 376 (Bankr.Or.1981)). The IRS debt is scheduled by Brooks as an unsecured (albeit disputed) claim in the amount of $271,099.72. In addition, the IRS Claim includes unsecured claims in the amount of $382,726.17. In either case, the amount of the unsecured claim of the IRS in this case exceeds the $250,000 ceiling established by § 109(e).

## The IRS Claim as Noncontingent Debt

■ Another issue is whether the IRS Claim is noncontingent. "A debt is not contingent when the triggering event occurred prior to the filing of the chapter 13 petition." 2 *Collier on Bankruptcy,* ¶ 109.06[2][b] (15th Ed.Rev.1997). Stated differently, "a claim is 'contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor....'" *In re Lambert,* 43 B.R. 913, 922 (Bankr. D.Utah 1984) (citing *In re All Media Properties, Inc.,* 5 B.R. 126 (Bankr.S.D.Tex.1980) *aff'd per curiam,* 646 F.2d 193 (5th Cir. 1981)).[6] The *Hutchens* court held a tax debt

assessed by the IRS to be "a fixed, legal obligation of the debtor" and not a mere contingency. *In re Hutchens,* 69 B.R. at 811.

In the present case, the IRS Claim was incurred and assessed prior to the filing of the bankruptcy. No future extrinsic event is necessary for the IRS Claim to become a fixed, legal obligation. As a result, the IRS claim is noncontingent.

## The IRS Claim as Liquidated Debt

The only remaining issue is whether the debt can be considered liquidated even though disputed. The heart of the dispute between Brooks and the IRS lies here. The parties have stipulated that Brooks vehemently disputes the IRS Claim. Brooks argues that the existence of such a dispute renders the IRS Claim unliquidated, and removes it from the eligibility calculation required under § 109(e). The IRS argues that a debtor may not remove a debt from the § 109(e) eligibility calculation merely by disputing it.

■ Although the authority on the issue is split, the "overwhelming body of precedent" holds that disputed debts are included in the § 109(e) calculation. *United States v. Verdunn,* 89 F.3d 799, 802 n. 9 (11th Cir. 1996) (citations omitted) (hereafter *U.S. v. Verdunn* ); *accord, In re Teague,* 101 B.R. 57, 59 (Bankr.W.D.Ark.1989) (citations omitted); *see also In re Hutchens,* 69 B.R. at 811 (holding an IRS claim of $363,700.26 of past due income taxes to be liquidated and noncontingent because it had been assessed by the IRS and was a fixed legal obligation even though disputed by the debtors). The *Teague* court held that "[n]o debtor can 'shoehorn' himself into a chapter 13 by merely disputing unsecured debt." *In re Teague, supra* (citation omitted).[7]

The facts before the Eleventh Circuit in *U.S. v. Verdunn* are similar to the case at bar. As described by the Eleventh Circuit:

---

6. The classic example of a contingent liability is a third party guaranteed promissory note, where the guarantor's liability is only triggered upon default of the third party. *In re Lambert,* 43 B.R. at 922.

7. In contrast, the minority view holds that a disputed claim is not liquidated and can not be considered in computing the eligibility requirement amount under § 109(e). *In re Lambert,* 43 B.R. 913, 924 (Bankr.D.Utah, 1984); *In re King,* 9 B.R. 376, 378 (Bankr.D.Or.1981).

Verdunn maintains that his tax liabilities were not liquidated debts on the petition date because: the notice of deficiency was insufficient to enable a court to readily ascertain the amount of his debt to the United States; he vigorously disputed the fraud penalties asserted by the Commissioner; and contested evidentiary hearings before the Tax Court were necessary in order to determine his tax liability.

*U.S. v. Verdunn, supra,* 89 F.3d at 802. In *U.S. v. Verdunn,* in accordance with the majority rule, these factors were not enough to cause the IRS claim to be considered "unliquidated" for purposes of § 109(e). *Id.* at 803. This Court adopts the majority view.

Brooks contends that the IRS Claim is unliquidated because "the debtor has and does most vigorously dispute" the IRS Claim. *Response,* p. 9. Brooks also contends that extensive evidentiary hearings will be necessary to determine his liability, if any, for the IRS Claim. Brooks cannot "shoehorn" himself into eligibility under chapter 13 merely by disputing a debt owed to the IRS. "[S]ection 109(e) provides that the eligibility computation is based on the date of the filing of the petition; it states nothing about computing eligibility after a hearing on the merits of the claim." *In re Hutchens,* 69 B.R. at 810. Both the IRS Claim and Brooks' schedules list unsecured debt owed to the IRS in excess of the $250,000 maximum for unsecured

debts allowed under § 109(e). The mere listing of the debts as disputed does not remove them from consideration for Chapter 13 eligibility.

This Court finds the debt owed to the IRS to be a liquidated, noncontingent, unsecured debt in excess of $250,000. Consequently, pursuant to the requirements of § 109(e), Brooks is ineligible for relief under Chapter 13. This case must be dismissed.[8]

### Collateral Estoppel/Res Judicata

The IRS also urges dismissal of this bankruptcy case on the grounds of collateral estoppel and/or *res judicata.* The IRS claims that the issue of Brook's eligibility under § 109(e) was determined by this Court in a prior bankruptcy case, and, as such, may not be relitigated here. As noted in the findings of fact, the eligibility of Brooks for Chapter 13 relief was raised by the IRS in the 1996 Case. The issue of eligibility in the 1996 Case was the same as here; the IRS alleged that its unsecured claim was of an amount in excess of $250,000 and, as such, Brooks was ineligible for Chapter 13 relief. Notice was given to Brooks and a hearing was held on the issue. Thereafter, this Court entered its order dismissing the 1996 Case. That order was not appealed.

The United States Court of Appeals for the Tenth Circuit has ruled that the

---

8. In his brief, Brooks cites four main cases which he believes compel the Court to find in his favor. Upon close review, none of the cases support Brooks' position. One of the cases, *In re Verdunn,* 160 B.R. 682 (Bankr.M.D.Fla.1993), was reversed by the United States Court of Appeals for the Eleventh Circuit. *See United States v. Verdunn,* 89 F.3d 799 (11th Cir.1996). In *In re Knize,* 210 B.R. 773 (Bankr.N.D.Ill.1997), the bankruptcy court dismissed the Chapter 13 petition on eligibility grounds under § 109(e), noting that the debtors failed to present any evidence to support their alleged dispute of the IRS indebtedness. In this case, the only evidence offered by Brooks was a stipulation that Brooks disputed his liability under the IRS Claim. The fact that the debtor disputes liability is not the same as evidence that the dispute is valid. Brooks relies on *In re Bourque,* 153 B.R. 87 (Bankr.D.Mass. 1993), in support of his contention that an evidentiary hearing on the merits of an objection to claim must be held prior to considering dismissal of a Chapter 13 bankruptcy case under § 109(e). *Bourque* is factually dissimilar to the case at bar.

In *Bourque,* the only matter before the court was an objection to the claim of the IRS. After determining the amount of the IRS claim to be in excess of the eligibility ceiling under § 109(e), the court dismissed the case *sua sponte.* This Court does not believe the procedural posture of the *Bourque* case stands for the proposition that an evidentiary hearing must be held whenever a debtor disputes a claim before reaching the merits of a motion to dismiss. Finally, Brooks relies upon a decision from this district, *In re Elrod,* 178 B.R. 5 (Bankr.N.D.Okla.1995) (hereafter *"Elrod"*). In *Elrod,* the proof of claim filed by the IRS specifically stated that the unsecured claim of the IRS was an "estimated liability." *Id.* at 6. Accordingly, Judge Covey ruled that "[I]f the amount due is estimated, it must be unliquidated and therefore not counted in determining eligibility." *Id.* at 7. In the present case, the IRS Claim is filed as an actual, not estimated, liability, and, in any event, Brooks' own schedules list the IRS debt in an amount in excess of $250,000. *Elrod* is not applicable here.

following elements must be present in order for the doctrine of *res judicata* to apply:

> Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

*Nwosun v. General Mills Restaurants, Inc.,* 124 F.3d 1255, 1256 (10th Cir.1997) (citation omitted). All four factors are satisfied here. The 1996 Case was dismissed on the merits after notice and a hearing. The parties to the motion to dismiss in the 1996 Case and in this case (Brooks, the IRS and the Chapter 13 Trustee) are identical. The motion to dismiss in the 1996 Case and in this case are based upon the same factual and legal basis. The 1996 Case was dismissed only after Brooks had been given full and fair notice of the motion to dismiss and after a hearing was held on the same. Under the doctrine of *res judicata,* this case must be dismissed.

## Bad Faith

The IRS further seeks dismissal of this case for cause under section § 349(a) and § 1307(c) due to the bad faith in filing of this case by Brooks. The IRS argues that Brooks filed this case for the sole purpose of litigating his dispute with the IRS in this forum. Brooks admits this to be true, and argues that this Court is the only forum in which Brooks may require the IRS to affirmatively prove the validity of its position. The IRS argues that such a filing constitutes bad faith *per se.* The question before the Court is whether a bankruptcy case may be filed for the sole purpose of litigating the validity of a disputed tax claim.[9]

■ At least one court has held that the filing of a chapter 13 case under factual circumstances similar to those found here is *per se* bad faith, and that in such circumstances, the case should be dismissed.

The filing of a bankruptcy proceeding for the sole purpose of thwarting Federal tax

collection efforts, when other courts (including Federal tax courts) are available to resolve disputes between taxpayers and taxing authorities, is an impermissible misuse of the jurisdiction and process of this Court.

*In re Fooks,* 139 B.R. 623, 624 (Bankr.D.Md. 1992) (finding both objective and subjective bad faith to be present and dismissing case). This Court agrees with the *Fooks* analysis. Congress did not establish the bankruptcy court system for the purpose of giving debtors an alternate forum for litigating issues with taxing authorities. Brooks may believe (and it may be true) that litigating with the IRS in this Court provides him with certain advantages and places burdens on the IRS which differ from those found in other forums. That fact (if true) does not justify the filing of this case.

---

9. The Court understands that disputes regarding tax claims are a common occurrence in bankruptcy cases. The issue here is whether bankruptcy is proper when a tax dispute is the **sole** reason for the filing of the case.